## Settlemires v. Corum.

February 25, 1947.

Sidney B. Neal, Judge.

Hubert Meredith for appellant.

Claude E. Smith for appellee.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

This is an appeal from a judgment for $5,000 for services rendered by appellee to William Settlemires, deceased.

Settlemires came to Owensboro in 1930, and with a partner opened a small restaurant. After a few months Settlemires purchased his partner's interest and moved his restaurant to a different location. In April 1931, Settlemires contacted the appellee, who had previously worked for him in a restaurant at Central City, and asked her to work for him in his Owensboro restaurant. She started to work on May 1, 1931, and continued to work in Settlemires' restaurant until May 1, 1942, during which time she devoted practically all of her time and attention to the business. During these 11 years the business prospered, and Settlemires died possessed of an estate, the value of which is in dispute, but worth somewhere between seven and ten thousand dollars, all, or practically all, of which was accumulated from the operation of the restaurant.

The evidence is conflicting as to whether or not the appellee left Settlemires' employment with his approval and consent, but the evidence shows that after she left him his health began to fail, and during the last year or two of his life he did not attempt to operate the restaurant himself, but leased it to some one else. He died intestate in February 1945, and appellee filed with the administrator of the estate the claim for services rendered. The claim is based on an oral contract by the terms of which Settlemires agreed to will appellee all of his property provided she would work for him and help him build up his business to a paying basis. The administrator declined to pay the claim and later this action was instituted. Appellee was granted an issue out of chancery and the jury returned the verdict hereinabove referred to.

In support of her claim that she had an oral contract with Settlemires, appellee produced at least one witness who testified that he was present and heard the agreement made. There is also some evidence to the effect that Settlemires advised other people that he intended to leave appellee all his property because she had been so faithful to him. That there is real merit in this claim is shown by the fact that on June 15, 1942, which was some six weeks after appellee had quit the restaurant, Settlemires employed an attorney to prepare a will for him. This will was written and executed and it devised all of Settlemires' property to the appellee. The will contained the following statement: "Zella Jackson helped me to accumulate what property I have by her services, and it is my will that should she survive me, that at my death all of my property shall be hers." This will was never produced for probate, and the evidence indicates that Settlemires destroyed it. However, a copy of the will had been retained by the attorney and was produced at the trial and is in the record.

The evidence is amply sufficient to sustain the jury's verdict that this oral agreement was made, but appellant contends that appellee left the service of Settlemires against his wishes and deserted him in his declining years when he was in more need of her help than at any other time, and that this breached the contract and justified the destruction of the will. Actually, the evidence is conflicting as to whether appellee left Settlemires with his consent, some witnesses saying that the termination of their arrangement was by mutual consent and at his suggestion. However, the jury believed there was no breach of the contract.

Several grounds are urged for reversal, the chief complaints being about the instructions and the admission of incompetent evidence and the exclusion of competent evidence. Particular complaint is made of instruction No. 2, it being claimed that we have condemned a similar instruction in McGrew's Executor v. O'Donnell, 92 S. W. 301, 28 Ky. Law Rep. 1366. An examination of that opinion shows that the claim for services in that case was not rested on a contract and that is the distinguishing feature.

It is argued that under instruction No. 1 the jury

was not required to believe that appellee had a contract or had performed services for Settlemires, but we must not consider each instruction separately. The instructions must be considered as a whole.

We have carefully examined these instructions and feel that on the whole they presented the issues fairly to the jury, except it may be said that they were erroneous as to the measure of damage for the breach of the contract. The contract as proven by appellee was not that she would be paid the fair and reasonable value of her services, but that she would be left all of Settlemires' property. However, if the instructions be erroneous in this respect they certainly are not prejudicial to the appellant and are more favorable to appellant than appellee. Under these circumstances appellant is in no position to complain of this error.

It is next complained that the trial court was in error in admitting proof as to the value of the estate, and several cases are cited to the effect that the value of services is the true measure of recovery and that proof of the value of the estate is not admissible. Those cases do not apply here because this is a claim based on a contract, and the consideration was the value of Settlemires' estate. In addition to this the evidence as to the value of the estate is admissible for the purpose of showing the jury that the restaurant business had been built up to a paying and profitable basis. It was necessary that this evidence be admitted for the purpose of showing that appellee had performed her part of the agreement. The jury was admonished to consider this evidence for this purpose alone, and certainly there was no error here.

Appellant offered evidence to show that Settlemires had made statements to various persons that he was very much disappointed when appellee left him, and that he repeatedly stated that he had paid appellee all that he owed her. The court properly rejected this testimony because these statements were self-serving, and since they would be inadmissible had Settlemires been living at the time of the trial, they are inadmissible after his death. See Robinson v. Eastern Gulf Oil Co., 196 Ky. 385, 244 S. W. 914, and Benge's Adm'r v. Fouts, 174 Ky. 654, 192 S. W. 703.

It is further argued that a peremptory instruction

should have been given for appellant. This is based on the fact that the answer filed by appellant affirmatively alleged that the contract had been breached and that appellee had performed no services under it, which answer was not denied by a responsive pleading. During the trial the parties treated these allegations as having been controverted, and apparently the failure to deny these affirmative allegations was not called to the attention of the trial court. In such a situation the question was waived, and appellant may not now complain of appellee's failure to deny the allegations of the answer. See Short v. Robinson, 280 Ky. 707, 134 S. W. 2d 594.

There is a cross-appeal by appellee which the court has considered. It presents a rather unusual situation, but we have concluded that the judgment as entered does justice to the parties, and it will not be disturbed.

The judgment is affirmed.