## Norfolk & Western Ry. Co. v. Bailey.

May 7, 1948.

McCoy & McCoy for appellant.

Jasper H. Preece for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—
Reversing.

On this appeal the parties will be called plaintiff and defendant. The Pontiac automobile of Wiley Bailey stalled on the tracks of the Norfolk & Western Railway Company on a public crossing in or near the town of Warfield on the afternoon of June 10, 1946. It was hit by a cut of ten cars being pushed at from six to eight miles an hour by an engine, and plaintiff brought this action to recover $1000 damages to his car by reason of the alleged negligence of defendant in the operation of its train.

A trial resulted in a verdict in favor of plaintiff for $600. In seeking to reverse the judgment entered thereon defendant insists: 1. Plaintiff's agent who was driving the car was guilty of contributory negligence as a matter of law and a verdict should have been directed in defendant's favor; 2. evidence of a defective crossing was erroneously admitted over defendant's objection when the pleadings did not raise that issue.

At the place of the accident the railroad runs approximately north and south and the highway crosses it in an east-west direction. The train was known in the community as "the shifter." It was approaching from the north down a 1.6 per cent grade at six or

eight miles an hour. The automobile approached the crossing from the west and was driven by plaintiff's wife, with him sitting on the front seat beside her. Also, on the front seat was their child, Jimmie, and on the rear seat were two ladies, Mrs. Blevins and Mrs. Parsley.

Just north of this crossing the railroad makes a sharp curve. Bailey testified he first saw the train approaching at a distance of from 72 to 75 feet; Mrs. Bailey testified that it was 25 or 30 feet away when she first saw it, although three days after the accident she gave a statement that the train was 50 feet away when she first saw it. Clarence Tingler, the brakeman riding on the railroad car which struck the automobile, testified this car was 60 or 65 feet from the automobile when the latter stalled on the crossing. C. C. Irvington, a brakeman riding four or five cars behind Tingler's car, testified the automobile was some 80 or 90 feet from the train when he first saw it on the crossing. The engineer, B. T. Thornton, testified that the train at this point could be stopped within 75 to 100 feet if running six miles per hour. He estimated his speed as being between five and six miles per hour and that the train travelled between 70 and 80 feet after he applied the emergency brakes.

The automobile was defective in that the engine would die when the clutch was pushed in or when the car was slowed down to stop. Plaintiff is an automobile mechanic of twelve years' experience and testified that his car had been in this defective condition for a couple of days.

Mrs. Bailey was familiar with this crossing but drove on it without paying any particular attention, and she was on the tracks before she saw the train. She did not see it then until Mrs. Blevins, on the back seat, called her attention thereto. Mrs. Bailey approached the crossing at a very slow rate of speed and was asking the ladies on the back seat where they wanted to get out of the car and they told her to go across the tracks. Mrs. Bailey testified, "* * * I asked them where they wanted out at and they said to go on across the track, that the bus always stopped there. I started on and wasn't driving but very slow; it was awfully rough

there across the track. About the time we started going across the track, Mrs. Blevins screamed out and said, 'Here comes the shifter.' I pushed down on the gas and it was in high gear and the engine stopped." According to Mrs. Bailey the train was 25 or 50 feet away from the car at that time. Her husband likewise did not see the approaching train until Mrs. Blevins screamed, but according to him it was then from 72 to 75 feet from the automobile.

It is evident from the quoted testimony of Mrs. Bailey that she had stopped the automobile on the crossing to inquire of the passengers on the back seat where they wanted to get out; that when her attention was called to the approaching train, she put her foot on the gas and started the automobile in high gear instead of shifting to low gear. Thus her negligent act in so doing caused the car to stall on the railroad tracks, or else the defective condition of the car caused the engine to die.

The evidence is in direct conflict as to whether the engineer was complying with KRS 277.190 by ringing the bell or sounding the whistle continuously or alternately when the train came within 50 rods of this crossing and until it reached it. Therefore, plaintiff was entitled to have the case submitted to the jury on the question of defendant's negligence, unless his wife, who is admitted to be his agent on this occasion, was guilty of contributory negligence as a matter of law. If Mrs. Bailey was guilty of contributory negligence, her husband and principal cannot base his right of action upon the antecedent negligence of the railroad company, admitting arguendo that it was negligent. Chesapeake & O. R. Co. v. Harrell's Adm'r, 271 Ky. 763, 113 S. W. 2d 23; Stull's Adm'x v. Ky. Traction & Terminal Co., 172 Ky. 650, 189 S. W. 721; Louisville & N. R. Co. v. Hurst's Adm'r, 220 Ky. 402, 295 S. W. 458.

Whether or not it is the sole cause of the injury, contributory negligence is a complete defense. Nor is it necessary that contributory negligence be the proximate cause of the injury, it is sufficient if it contributed thereto so that but for same the accident would not have occurred. Usually, contributory negligence is a question for the jury, but where all the material facts stand confessed and they show that plaintiff was guilty

of such negligence and that the injury would not have otherwise occurred, then there is nothing to submit to the jury. And where but one conclusion can be drawn from uncontradicted testimony by fair-minded men, then whether or not the plaintiff is guilty of contributory negligence becomes a matter of law for the court. Illinois Cent. R. Co. v. Bozarth's Adm'r, 212 Ky. 426, 279 S. W. 636; Chicago, St. L. & N. O. R. Co. v. Armstrong's Adm'r, 168 Ky. 104, 181 S. W. 957.

Applying the rule just stated to the facts in this case, there is no escape from the conclusion that Mrs. Bailey was guilty of contributory negligence. She drove on the crossing without paying any attention to it. She practically stopped the automobile on the crossing when asking the two ladies on the back seat whether they desired to alight on the east or west side of the tracks. She was oblivious to the approaching train and never saw it until Mrs. Blevins called her attention thereto. The train was only traveling six or eight miles an hour and it was from 60 to 70 feet from the automobile. She had sufficient time to have driven the six or eight feet necessary to clear the tracks, and evidently would have done so had she not negligently attempted to start the automobile in high gear, or had not the engine thereof been defective and died when she stepped on the gas.

Plaintiff insists that defendant was negligent in not keeping the crossing in proper repair, that it was unusually rough which caused his wife to drive very slowly in going on it. However, the only negligence averred in the petition related to the operation of the train and the roughness of the crossing was not mentioned, hence the latter was not in issue and no evidence should have been introduced relative to it. Mannington Fuel Co. v. Ray's Adm'x, 250 Ky. 736, 63 S. W. 2d 933. The evidence does not show that the automobile was caused to stop or that its engine went dead due to the condition of the crossing. Such evidence would not have been competent to show that defendant was negligent since there was no averment in the petition as to a defective crossing, but it would have been competent for the purpose of showing that the car did not stall on account of the contributory negligence of plaintiff's wife and agent.

The judgment is reversed with directions that should the evidence be substantially the same on another trial, the court will direct a verdict for the defendant at the conclusion of all the evidence.