## ELLIS v. GLENN.

Court of Appeals of Kentucky.

June 11, 1954.

M. Joseph Schmitt, Louisville, for appellant.

Harry Hargadon, Louisville, for appellee.

James M. Graves, Louisville, for appellee Russell M. Edens.

COMBS, Justice.

Florence Glenn, appellee, filed this suit against Hugh Ellis and Russell Edens, to recover for personal injuries received by her when she was struck by an automobile driven by Ellis. There was no evidence of negligence against Edens and the jury returned a verdict of $9,500 in favor of Miss Glenn against Hugh Ellis alone. From the judgment entered upon that verdict Ellis has appealed. Edens was named as an appellee in the statement of appeal but on his motion the appeal has been dismissed as to him.

On March 31, 1952, at approximately 7:30 p. m., which at that time of the year was after night fall, Miss Glenn alighted from a Louisville Transit Company bus at its regular stop on the west side of Bardstown Road opposite Woodbourne Avenue in Louisville. A "T" intersection is formed by the two streets at this point. Bardstown Road runs in a general north-south direction. After leaving the bus, Miss Glenn, according to her testimony, looked once to her left and observed no traffic nearer than the next intersection, where the traffic was being held by a traffic light. She looked to her right and saw one vehicle approaching Sils Avenue, also a block away, in the east traffic lane of Bardstown Road. She then left the sidewalk and started across Bardstown Road toward the sidewalk on the southeast corner of Woodbourne Avenue. There was no marked crosswalk at this intersection, but people had crossed Bardstown Road at this point for a number of years. Miss Glenn walked nearly to the center of Bardstown Road and stood waiting for the car approaching from Sils Avenue to pass. She testified that it had passed and she had started to step over the yellow center line when she was struck by Ellis' auto. She was thrown across the center line and against the left rear fender of Russell Edens' car. From the marks on the Ellis car it is apparent that Miss Glenn was struck by the left front fender.

Ellis testified that he was driving south on Bardstown Road immediately behind another automobile. He said it was a dark, misty night and he first observed Miss Glenn when she was only eight or ten feet away and at that time she seemed to be falling backward toward his car. He swerved to the right to avoid striking her, but to no avail. He said the road was wet from rain. However, Miss Glenn and the police officers who came to the scene said the road was dry. They were corroborated in this by other witnesses.

Ellis said he was driving from 25 to 30 miles per hour behind another car but there was testimony he was driving around 50 or 60 miles per hour. Edens testified there was no automobile in front of Ellis when the accident occurred. He stated also that when he first saw the Ellis car it was in the lane nearest the center of the road and there was another car slightly in front of it, traveling in the same direction in the outside lane; that Ellis was driving faster than the other car and had passed it when the accident occurred.

The intersection was well lighted from street lights and from the lights of various

business places around the intersection. The police photographer testified he took a photograph of Ellis' automobile shortly after the accident without using a flash bulb.

Ellis urges as the first ground for reversal that he was entitled to a peremptory instruction because Miss Glenn was guilty of contributory negligence as a matter of law.

Contributory negligence may be defined many different ways. A short definition is that it connotes the doing of an act which an ordinarily prudent person would not have done. Morrison & Conklin Const. Co. v. Cooper, Ky., 256 S.W.2d 505. A plaintiff is guilty of contributory negligence if his negligence contributes to cause the accident to such an extent that but for such negligence the accident would not have occurred. Louisville & N. R. Co. v. Hyde, Ky., 239 S.W.2d 936; Norfolk & W. Ry. Co. v. Bailey, 307 Ky. 386, 211 S.W.2d 154.

We are unable to say that Miss Glenn's negligence, if any, was of such a nature as to bar her claim as a matter of law. The only evidence of negligence on her part is that she looked to her left only once, then walked to the center of the street and stopped. It was for the jury to decide whether this constituted contributory negligence. Negligence and contributory negligence become questions of law only when fair minded men could draw but one conclusion from the evidence.

Another ground for reversal is that the court admitted incompetent evidence relating to Ellis leaving the scene of the accident. It appears that he remained at the scene until the police officers arrived and preparations were made to place Miss Glenn in an ambulance. He then got in his car and drove away. The officers overtook him several blocks away and he returned to the scene of the accident with them. The police officers testified that Ellis left the scene of the accident. and that they had to chase him. At first no

objection was made to this testimony. When objection was made the court overruled it but later when the objection was renewed and motion made to set aside the swearing of the jury the court admonished the jury not to consider any of this line of testimony. Clearly, the court's admonition cured any error that might have occurred in respect to the admission of this testimony.

The complaint about the instructions is twofold. First, it is contended that no last clear chance instruction should have been given; and second, that a separate instruction on contributory negligence should have been given. Before discussing these two contentions, we look at the instructions given. One of the instructions reads as follows:

"It was the duty of the plaintiff, Florence Glenn, at the time and place and on the occasion concerning which you have heard evidence, to yield the right-of-way at the said time and place to vehicles proceeding on Bardstown Road, and you will find for the defendant, Hugh A. Ellis, unless you believe from the evidence that the defendant, Hugh A. Ellis, upon approaching the plaintiff saw the plaintiff in a position of danger, and having observed the plaintiff in a position of danger, if any, failed to exercise ordinary care, or the use of the means at his command, to avoid striking the plaintiff, and thereby caused his automobile to come in contact with the plaintiff, in which event the law is for the plaintiff, Florence Glenn, against the defendant, Hugh A. Ellis, and you will so find."

It will be noted that this instruction placed upon plaintiff the duty to yield the right-of-way and authorized a recovery for her only if defendant observed plaintiff in a position of danger and thereafter failed to exercise ordinary care to avoid injuring her. It seems to us this instruction was more favorable to the defendant than he had a right to expect. Since the place where Miss Glenn attempted to cross Bardstown Road may be considered as an ex-

tension of the sidewalk on the south side of Woodbourne Avenue, and since it was customary for pedestrians to cross Bardstown Road at this point, she was in an unmarked cross-walk within the meaning of KRS 189.570. It follows, therefore, that the instruction should have placed the duty upon the defendant Ellis to yield the right-of-way.

█ It will be noted also that the instruction given by the court, after placing the duty on plaintiff to yield the right-of-way, contains what amounts to a last clear chance instruction in favor of the plaintiff. We think a last clear chance instruction was proper under the facts of this case. According to the uncontradicted testimony, Miss Glenn stood in the center of Bardstown Road for two or three minutes before she was struck. The intersection was well lighted. Her peril, therefore, was apparent and the jury might well have found that the defendant saw her in time to have avoided striking her if he had been exercising ordinary care. Much has been written on the doctrine of last clear chance, not only as to when the instruction should be given, but also as to the form of the instruction. As regards form we note that the instruction given made the application of the doctrine contingent upon the defendant having actually seen plaintiff in a position of peril in time to have avoided injuring her. This was the form most favorable to the defendant. In many of the cases the instructions have been so framed as to permit the doctrine to be invoked when defendant either saw or should have seen plaintiff's peril in time to avoid the accident. See Instructions to Juries, Stanley, section 100. For a careful analysis of the last clear chance doctrine as applied by this court in recent years, see Swift & Co. v. Thompson's Adm'r, 308 Ky. 529, 214 S.W.2d 758, especially applicable here; Kentucky & West Virginia Power Co. v. Lawson, Ky., 240 S.W.2d 843; Saddler v. Parham, Ky., 249 S.W.2d 945.

██ Although the evidence in this case warranted an instruction on contributory negligence and none was given, we do not regard this as prejudicial to the defendant in view of the wording of the instruction which was given. Since that instruction erroneously placed upon the plaintiff the duty to yield the right-of-way and admittedly she did not yield the right-of-way, this was equivalent to saying to the jury that plaintiff was negligent. It necessarily follows therefore that the jury reached its verdict by applying the last clear chance doctrine; and since we are of the opinion it was proper to give a last clear chance instruction, it also follows that the defendant was not prejudiced by the omission of a contributory negligence instruction. On the contrary, as pointed out above, the instructions were more favorable to the defendant than the evidence warranted. A party will not be heard to complain of an instruction which is more favorable to him than that to which he is entitled. Jarboe v. Shane, Ky., 254 S.W.2d 695; Settlemires v. Corum, 304 Ky. 105, 200 S.W.2d 105; Instructions to Juries, Stanley, section 44.

The judgment is affirmed.