**William Thomas BULLENS and Donald Ray Gatliff, Appellants,**

v.

**Emma MULLINS, Administratrix of the Estate of David Mullins, Deceased, Appellee.**

Court of Appeals of Kentucky.

Dec. 2, 1966.

George T. Ross, Richmond, for appellants.

Charles R. Coy, Chenault, Coy & Sword, Richmond, for appellee.

CULLEN, Commissioner.

Pursuant to the opinion of this court on a former appeal, in Mullins' Administratrix v. Bullens, Ky., 383 S.W.2d 130, the automobile negligence suit of David Mullins' Administratrix against William Thomas Bullens and Donald Ray Gatliff was retried solely on the issues of last clear chance and amount of damages. The jury found the defendants liable and fixed the damages at $21,172. Judgment was entered accordingly. The defendants have appealed, asserting two claims of error.

The first claim is that the last clear chance instruction given by the trial court was erroneous. The instruction directed the jury to *find for the defendants unless* the jury made a last clear chance finding (the elements of which were appropriately set forth in the instruction). The defendants had offered an instruction substantially the same in form except that it commenced

with a statement informing the jury that the plaintiff was guilty of contributory negligence as a matter of law. The argument here is that the omission of the latter statement from the instruction given by the court rendered that instruction erroneous. No authority is cited to support the argument, and we have found none. We think it was sufficient to tell the jury that in the absence of a last clear chance finding they were required to find for the defendants, without telling them the *legal reason* why.

The second claim is, in substance, that the holding of this court on the former appeal was wrong and should not apply as the law of the case. The last clear chance question was given thorough consideration on the first appeal and was the subject of extensive debate. The court adheres to the answer there reached.

The judgment is affirmed.