**Florence FENWICK, Administratrix of the Estate of Anna Hatchett, Appellant,**

**v.**

**Billy Ray DAUGHERTY, Appellee.**

Court of Appeals of Kentucky.

May 19, 1967.

Rehearing Denied Sept. 29, 1967.

L. B. Lawton, Henderson, for appellant.

Frank N. King, Jr., Dorsey & Sullivan, Henderson, for appellee.

OSBORNE, Judge.

This action arises out of an accident which took place on U. S. Highways 60 and 41 within the city limits of Henderson, Kentucky. The highway runs generally north and south and, as it passes through the City, bears the name of Green Street. Green Street intersects with Seventh Street which runs in an east and west direction, Green Street being the through street. There are no traffic signals at the intersection of Green and Seventh Street, however there is a stop sign requiring traffic to stop on Seventh Street before proceeding onto Green. The maximum speed limit for the area is 35 miles per hour. Green Street is four lane with only a dividing line separating the two north-bound lanes from the south-bound lanes. The decedent, Ann Hatchett, along with her seven-year-old daughter, was attempting to cross Green Street in the vicinity of Seventh Street when she was struck by appellee's automobile. At the point where Seventh Street intersects Green Street there is a marked crosswalk. The evidence is conflicting as to whether decedent and her daughter were in the crosswalk at the time of the accident. The officer who investigated the accident paced off a distance of 32 feet from the crosswalk to the body. At a later date, he measured with a tape the distance from the body to the south edge of the

crosswalk and found this distance to be 51 feet, 1 inch. Appellee, Billy Ray Daugherty, was traveling south on Green Street following another vehicle approximately two car lengths. As he approached the intersection of Seventh, a car traveling at a faster rate of speed and in the same direction passed his automobile in the driving lane next to the curb or to his right. He testified that he observed two people standing in the middle of Green Street, side by side, facing east, just at the moment the automobile preceding him was about even with them. He states that at this time he was approximately two car lengths or 30 to 35 feet from the decedent and her daughter and was traveling 20 to 25 miles per hour.

His testimony is that he was unable to observe the pedestrians prior to the accident because the preceding automobile blocked his view. Appellee further testified that "a split second" before his automobile reached the decedent she stepped, fell or otherwise moved back into the lane in which he was driving. He testified that possibly she was trying to move back from the path of another automobile that was approaching close to her and traveling in the opposite direction. He states that her move was sudden and without warning. Appellee's automobile struck the decedent and carried her five to ten feet to the south. He did not blow his horn but did apply his brakes and tried to swerve to the right to miss her. No skid marks were left and immediately after the accident appellee pulled his car to the curb and stopped.

The record contains evidence by other persons who were eye witnesses to the accident. Their testimony does not agree in all respects with that of appellee but we deem the foregoing facts sufficient for a proper disposition of this case. The case was heard by a jury who returned a verdict for the appellee. Appellant is here contending that the instructions given by the trial court were erroneous in that they did not properly present the question of who had the right of way at the time of the accident and the failure of the trial court to give a

least clear chance instruction. On the first contention, we agree with the appellant that the rights and duties of the parties depend upon and should be fixed by a determination of which party had the right of way. This is controlled by decedent's position relative to the crosswalk. KRS 189.570(2) provides:

> "Except as provided in subsection (4), where the traffic control signals are not in place or in operation the operator of a vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked cross walk or within any unmarked cross walk at an intersection. If necessary in order to yield the right of way, the operator shall slow down or stop."

See also Ellis v. Glenn, Ky., 269 S.W.2d 234.

If the decedent was in the marked crosswalk at the time she was struck, she had the right of way and the court should so have instructed the jury. If she were not within the crosswalk as defined by the statute, then of course the converse is true and the motorist had the right of way. KRS 189.570(4) (b).

█ We believe the court erred in not instructing the jury that if decedent was in the crosswalk at the time she was struck, she had the right of way.

In addition to the foregoing, appellant also contends that the trial court should have given a last clear chance instruction. As it is likely that this case will be tried again, we believe we should answer this contention.

In the case of Ellis v. Glenn, supra, the pedestrian had walked nearly to the center of Bardstown Road and was standing, waiting for a car approaching from Sils Avenue to pass. She testified that as it passed, she started to step over the yellow center line and was struck by the Ellis automobile. Here we held that a last clear chance instruction was proper. In Severance v. So-

han, Ky., 347 S.W.2d 498, which was a similar situation in that the pedestrian was in the center of the street, we held that the facts did not support a last clear chance instruction because the pedestrian did not stop or slow down sufficiently that the driver should have or could have seen her and therefore the driver did not have a "clear" chance. In Riley v. Hornbuckle, Ky., 366 S.W.2d 304, a pedestrian case similar to those previously cited, we distinguished Severance v. Sohon, supra, on the basis that the driver did have a "clear" chance and stated the rule as follows:

" * * * the last clear chance issue should have been submitted to the jury. If it is to have any real effect as a humanitarian policy, we think the doctrine must be held applicable to the situation in which (as in the Saddler case) there is evidence that a pedestrian who was within the intended path of travel of an oncoming vehicle remained in that area of peril, with nothing to prevent the driver's seeing him, long enough for the vehicle to move a distance of several hundred feet. When this occurs, there is usually a point in time at which the curtain closes on the ability of the pedestrian to get out of the way of a faster-moving vehicle while it yet remains open for the driver to shift his course. Whether that interim constitutes a 'clear' chance ought to be left to the jury."

Recently we reaffirmed the principles set out in this case in Frank v. Silvers, Ky., 414 S.W.2d 887, rendered May 5, 1967.

We are of the opinion that if the facts as developed on a new trial are similar to those appearing in this record, the appellant should be given an instruction upon the theory of last clear chance.

The judgment is reversed.

WILLIAMS, C. J., and HILL, MILLIKEN, PALMORE and STEINFELD, JJ., concur.