T. E. VASSEUR et al., Appellants,

v.

Josephine ROSE et al., Appellees.

Court of Appeals of Kentucky.

May 19, 1967.

Adrian H. Terrell, Burke B. Terrell, Terrell, Schultzman & Hardy, Paducah, L. M. Tipton Reed, Mayfield, for appellants.

Francis T. Goheen, Paducah, Malcolm R. Boaz, Mayfield, for appellees.

WADDILL, Commissioner.

A truck owned by appellant T. E. Vasseur and driven by his employee, appellant Stanley Vinson, Jr., collided with a vehicle driven by appellee Marcus Walker who was accompanied by Rufus Rose. Walker was injured and Rose was killed in the accident. The instant action was instituted by Walker and appellee Josephine Rose, administratrix of the estate of Rufus Rose, against Vasseur and Vinson.

At the first trial of the case a directed verdict was entered for Vasseur and Vinson. This court reversed with directions to give an instruction under the principle of discovered peril. Rose v. Vasseur, Ky., 320 S.W.2d 608 (wherein appear the pertinent facts concerning the collision). The second trial resulted in a hung jury. At the third trial the jury found for Vasseur and Vinson but this court reversed because of improper and prejudicial remarks of the trial judge. Rose v. Vasseur, Ky., 358 S.W.2d 540. Upon a fourth trial of the case the jury awarded Walker $1,000 and the administratrix of Rose's estate $10,000. From the judgment entered on this verdict Vasseur and Vinson appeal. They contend that an instruction on discovered peril should not have been given, their counsel was forced to prematurely close his opening statement to the jury and improper and prejudicial testimony was admitted into evidence.

While appellants concede that the adjudication made on the former appeal of a case ordinarily is the law of that case they ask that we reexamine the soundness of our former decision (320 S.W.2d 608) in light of our subsequent opinions in Young v. De Bord, Ky., 351 S.W.2d 502, and Dixie Ohio Express Co. v. Eagle Express Co., Ky., 346 S.W.2d 30. These opinions dis-

close no reason for us to depart from the rule which we expressed upon the first appeal of this case.

In the Young case a last clear chance instruction was not warranted because the facts did not disclose that the defendant truck driver had a clear chance to avoid the collision. Moreover, there was evidence that the truck driver did all he could to avoid the collision. In the instant case the road was straight and the visibility was good, hence Vinson should have seen that Walker's vehicle was out of control for a distance of approximately 1000 feet; nevertheless, there is no evidence that he timely did anything to avoid the accident.

In the Eagle Express case the plaintiff's vehicle was not out of control and did not cross the center line until it was 270 feet from the defendant's truck. Under the facts of that case the driver of the latter vehicle had neither sufficient notice of impending danger nor a fair opportunity to avoid the collision, while in the instant case the question of discovered peril was properly submitted to the jury because there was evidence of such notice and opportunity.

Appellants next contend the trial court erred in refusing to permit their counsel to inform the jury in his opening statement that the only issue to be decided by it under the law of the case was whether Vinson should have discovered Walker's peril in time to avert the collision. The trial court was of the opinion that the evidence could produce an issue other than that presented in the first trial so as to require the giving of an instruction different from that which was approved on the first appeal. We believe that no prejudicial error was committed even though the ruling of the trial court appears to us to be unusually restrictive. The record fails to support the further contention that counsel was forced to prematurely conclude his opening statement.

Appellants argue the trial court erred in refusing to instruct the jury that

Walker was negligent as a matter of law. The answer to this contention is that the instruction given was the one approved by this court upon the first appeal which we are convinced was adequate upon the instant trial since the evidence was substantially the same on both trials. Bullens v. Mullins, Ky., 409 S.W.2d 161.

Finally, appellants contend that the widow of Rufus Rose was erroneously permitted to describe to the jury his physical appearance after the accident. This testimony was purportedly introduced to show the force of the impact between the colliding vehicles. We observe that the trial court sustained appellants' objection when this character of testimony was pursued and there was no request made for any other relief. While there is a serious question whether an error has been preserved for appellate review, we have read this testimony and are of the opinion that it did not have any prejudicial effect.

The judgment is affirmed.

All concur.