Oscar **PAYNE**, Jr. and Elaine Thomas Henton, Appellants,

v.

Edward M. **ZAPP**, Appellee.

Court of Appeals of Kentucky.

March 22, 1968.

Rehearing Denied Oct. 18, 1968.

C. M. Leibson, Leibson & Leibson, Louisville, for appellants.

Edwin O. Davis, Davis & Mahan, Louisville, for appellee.

CULLEN, Commissioner.

Appellants Oscar Payne, Jr., and Elaine Thomas Henton, while attempting to walk

across Broadway Street in Louisville at 2:00 a. m. on a night in August, were struck and severely injured by an automobile driven by the appellee Edward M. Zapp. In the appellants' suit for damages against Zapp the jury found against them and judgment was entered dismissing their claims. The instant appeal is from that judgment.

Among numerous claims of error asserted by the appellants is the claim that the trial court erred in refusing a requested last clear chance instruction. It is our opinion that there was reversible error in this regard.

Appellants had spent a few hours at a club located at the northeast corner of the intersection of 44th Street and Broadway. Forty-fourth Street, which runs north and south, "jogs" at this intersection with Broadway (which runs east and west), the point of intersection on the south side of Broadway being several feet east of the point of intersection on the north side. Broadway has four driving lanes at this point. Appellants left the club around 2:00 a. m., with three friends, and undertook to cross to the south side of Broadway where the car of one of the friends was parked. The appellants testified that they were crossing in the unmarked cross walk that would be delineated by an extension across Broadway of the lines of the sidewalk running northward toward Broadway along the east side of 44th Street. There was other evidence, however, that they were angling across the street toward the place where their friend's car was parked, and were not in the crosswalk. (The appellee's testimony was that they came into the street from the *south* side, from behind the friend's parked car.)

The testimony of the appellant Payne was that when he first started across Broadway he looked both ways and there was no car in sight. He took a few steps, looked again, and there still was no car in sight. As he neared the center line he looked again and saw the appellee's car approaching from the right (west) about one block away. He thought the car was traveling at a normal rate of speed and that he had "plenty of time" to go on across. However, after taking a few more steps he again looked to the right and observed that the appellee's car was bearing down on him at high speed. He grabbed for Elaine, who was a step or two behind him, but they were unable to escape from the path of the car. One of the three friends who were crossing the street with the appellants had managed to complete the crossing ahead of the appellee's car; the other two had not crossed the center line and were not in the path of the car, which either was in the inner east-bound lane or was straddling the line dividing the two east-bound lanes. Testimony of witnesses for the appellants, other than Payne's was that the appellee's car was traveling 55 or 60 miles per hour. (The appellee testified his speed was 30 or 35 miles per hour.)

■ A majority of this court, adhering to the concept of the last clear chance doctrine given expression in such recent cases as Fenwick v. Daugherty, Ky., 418 S.W.2d 243, Shea v. Bruner, Ky., 426 S.W. 2d 482 (decided October 13, 1967), and French v. Mazzoli, Ky., 433 S.W.2d 122 (decided March 8, 1968), are of the opinion that the appellants were entitled to a last clear chance instruction in this case, predicated upon a finding by the jury that the appellants were in the process of crossing Broadway from north to south and were not in the crosswalk.

We are reversing the judgment for the failure to give a last clear chance instruction.

We shall briefly comment on some of the other grounds of error asserted by the appellants.

■ The appellants were not entitled to an instruction that the appellee was negligent as a matter of law. The appellee's testimony that he was traveling only 30 or

35 miles per hour and that the appellants suddenly stepped into his path from behind a parked car was not incredible and its probative value was not destroyed by the numerical superiority of the witnesses for the appellants who testified to the contrary. The situation here is not comparable to that in Wadkins' Adm'x v. Chesapeake & Ohio Ry. Co., Ky., 298 S.W.2d 7.

■ The court erred in allowing the pre-trial statement of the witness Richard Bailey to be read and introduced in evidence under the guise of refreshing the recollection of the witness, or of impeaching him, or of leading him as a hostile witness. For the purpose of refreshing his recollection the party doing the examining (whether direct or cross) may *show to the witness* a pre-trial statement, but may not for that purpose introduce it in evidence or read it to the jury. The statement cannot be read under the pretext of refreshing the recollection of the witness. III Wigmore on Evidence, 3rd Ed., secs. 763, 764. Under CR 43.07, to *impeach* a witness by prior statements the statements must be *different from his present testimony.* In the instant case the witness Bailey did not give any substantive testimony to be contradicted by the pre-trial statement. The appellee's argument that in reading the statement he was in effect asking leading questions of a hostile witness is not supported by any authority and is unacceptable on its face.

■ The evidence as to premarital pregnancies of the appellant Henton should not have been admitted unless there was to be medical testimony giving it significance in relation to Mrs. Henton's claimed injuries.

Other claimed errors probably will not occur on another trial, so we reserve decisions on them.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur except MONTGOMERY, J.