**870**

Frank E. Haddad, Jr., Raymond C. Stephenson, Louisville, for appellant.

Ernest H. Clarke, McElwain, Dinning, Clarke & Winstead, Louisville, for appellee.

DAVID C. BRODIE, Special Commissioner.

This is an appeal from a final judgment entered pursuant to a directed verdict of the jury dismissing appellant's complaint.

On December 21, 1965, Marshall, age 39, had gone to a tavern about 4:00 p. m. where he remained until 7:15 p. m. drinking beer. He left and walked along the side of Dixie Highway in Shively to a point in mid-block where he attempted to cross the highway. There were traffic signals which would have assisted him in crossing at the intersection some distance to his left and to his right.

Where he did cross the highway, it has four lanes each ten feet in width with a

**Charles R. MARSHALL, Appellant,**

v.

**Charles P. MERRIFIELD, Appellee.**

Court of Appeals of Kentucky.

Sept. 20, 1968.

fifth lane on the far or east side (turning lane) twelve feet in width. There is a median strip in the middle. Plaintiff was wearing dark clothing. The roadway area is well lighted.

Plaintiff crossed the two southbound lanes and stopped on the median. He then looked to his right and the only car he saw was about 350 feet away. The Merrifield car actually entered Dixie Highway a block or so before this accident. Marshall started across the northbound lanes and had crossed the two traffic lanes and was in or near the turning lane when struck by the Merrifield car. Merrifield was driving along Dixie Highway northwardly in the right driving lane. His car was equipped with power steering and power brakes. He stated that he was going 30 miles per hour at which speed he was of the opinion that he could stop his car in a car length. The Merrifield car had regular headlights that projected a beam down the highway. Merrifield stated that he did not see appellant Marshall until Marshall was three or four feet in front of him.

A disinterested eye witness, Manion, was driving behind the Merrifield car either directly or slightly to the left, two or three car lengths to the rear. Plaintiff was running and when he was crossing the inner northbound lane he appeared to Manion "as a blur". Manion recognized him as a person just as he crossed from the inner lane to the south lane. Plaintiff ran in front of appellee who turned to the right to avoid the collision and struck plaintiff.

There is only one question for decision on this appeal. Was plaintiff entitled to go to a jury under the last clear chance instruction? The trial court decided this question in the negative, relying on Severance v. Sohan, Ky., 347 S.W.2d 498.

It is felt that Marshall was in the projected path of travel of the Merrifield car from the time he left the median. There was nothing to prevent Merrifield from seeing him long enough for the vehicle to move a distance of several hundred feet. In the Severance case the plaintiff had not passed the center of the street and entered defendant's directional lanes of travel until a split second before the accident. Here the plaintiff had crossed approximately two of such lanes before he was struck. We, therefore, hold that the trial court should have submitted this case to the jury under a last clear chance instruction. Ellis v. Glenn, Ky., 269 S.W.2d 234; Riley v. Hornbuckle, Ky., 366 S.W.2d 304; Frank v. Silvers, Ky., 414 S.W.2d 887; Fenwick v. Daugherty, Ky., 418 S.W.2d 243; Cassinelli v. Begley, Ky., (this day decided).

The judgment is reversed.

MILLIKEN, OSBORNE, PALMORE, STEINFELD and WILLIAMS, JJ., concur.