**Thelma CONLEY, Administratrix of the Estate of Willie Conley, Appellant,**

v.

**Robert Lee STEVENS, Appellee.**

Court of Appeals of Kentucky.

Oct. 31, 1969.

Rehearing Denied Jan. 30, 1970.

Stanley Hogg, C. B. Creech, Creech & Hogg, Ashland, for appellant.

David Welch, Dysard & Welch, Ashland, for appellee.

REED, Judge.

Willie Conley, while undertaking to cross on foot a street in Ashland, was struck and killed by an automobile driven by Robert Lee Stevens. Conley's administratrix brought suit against Stevens seeking damages for wrongful death. At the close of all the evidence the trial court directed a verdict for the defendant, holding that Conley was contributorily negligent as a matter of law and that the facts did not warrant submission of the case to the jury on the theory of last clear chance. Judgment was entered dismissing the claim. The administratrix has appealed, arguing the single point that there was a jury issue of last clear chance.

The street on which the accident happened is Winchester Avenue, which is a six-lane thoroughfare running east and west. The three eastbound lanes are separated from the three westbound lanes by a median strip three and one-half feet wide and four or five inches high. Conley undertook to cross from the south to the north, in the middle of a block, where there was no crosswalk. The time was 6:15 a. m. on a February morning, during natural darkness; however, the area in question was artificially lighted.

Stevens was operating his automobile in the southermost westbound lane, next to the median strip. His testimony was that he was going 25 miles per hour; another motorist who was following him testified that Stevens' speed was between 25 and 30 miles per hour.

Conley crossed the eastbound lanes and entered upon the median strip. He hesitated there for a moment and then stepped into the adjoining westbound lane. He had proceeded into that lane three or four feet when he was struck by Stevens' car. There was evidence that Stevens' car was skidding when it struck Conley and continued to skid for a distance after striking him. The total length of the skidmarks was 52 feet. Conley's body came to rest 24 feet ahead of Stevens' car. Conley was killed instantly.

Stevens testified that he first saw Conley when Conley was in the process of taking a step off the median strip into Stevens' traffic lane. At that moment Stevens, according to his own testimony, was 80 or 100 feet away (the evidence would warrant a finding that he was 100 feet away). He said he immediately applied his brakes and tried to stop his car. As above stated, his car left 52 feet of skidmarks, although there was evidence that the marks began closer than 52 feet to the point where Conley was struck.

The circuit court was of the opinion that Conley was not in "peril" until he stepped from the median strip, and that after he did get in "peril" by so stepping, Stevens had no clear chance to avoid striking him. We find it unnecessary to consider the proposition of whether Conley's "peril" commenced only when he stepped from the median strip, because, conceding for argument the correctness of that proposition, it is our opinion that reasonable minds could believe that Stevens did have a clear chance to avoid the accident after the "peril" commenced.

We are not required to concern ourselves with the distinctions between *discovered* peril and peril that *should have been discovered,* because Stevens said he *saw* Conley in the process of taking his first step from the median strip—he did discover the peril the moment it commenced. The only issue, then, is whether Stevens had a clear chance, with the means at his command, to avoid the accident.

There was evidence that at 25 miles per hour the stopping distance (including an allowance for reaction time) for a vehicle of the type of Stevens', on a highway of the nature here in question, would be approximately 55 feet. We think a jury reasonably could find that at 25 miles per hour (or even 30) Stevens had a clear chance to bring his car to a stop within the distance of 100 feet (or at least 80) that was available to him after he *discovered* Conley's peril.

Supporting our view are Frank v. Silvers, Ky., 414 S.W.2d 887; Fenwick v. Daugherty, Ky., 418 S.W.2d 243; Shea v. Bruner, Ky., 426 S.W.2d 482; French v. Mozzali, Ky., 433 S.W.2d 122; Marshall v. Merrifield, Ky., 431 S.W.2d 870; Payne v. Zapp, Ky., 431 S.W.2d 890; Nixon v. Morris, Ky., 433 S.W.2d 364; Cassinelli v. Begley, Ky., 433 S.W.2d 651; and Meridith v. Crumpton, Ky., 434 S.W.2d 648.

The judgment is reversed, with directions for further proceedings in conformity with this opinion.

All concur.