William A. DICKERSON et al., Appellants,

v.

Norman Keith MARTIN, Appellee.

Court of Appeals of Kentucky.

Feb. 6, 1970.

Thomas B. Spain, Mills, Spain & Mitchell, Madisonville, for appellants.

Carroll Morrow, Moore, Morrow & Frymire, Madisonville, for appellee.

NEIKIRK, Judge.

The appellee, Norman Keith Martin, while crossing a street on foot, was struck and injured by an automobile driven by William A. Dickerson and owned by his father, William T. Dickerson. In a suit for damages against both Dickersons, appellee obtained a judgment in the amount of $12,193.70. The Dickersons appeal. Their primary contentions are (1) that they were entitled to a directed verdict because Martin was contributorily negligent as a matter of law and the last-clear-chance doctrine was not applicable, and (2) that even if there was a jury issue on last clear chance the jury should have been instructed as a matter of law that Martin was contributorily negligent.

At about 7 p. m. on December 28, 1966, appellee, an eighteen-year-old high-school student, residing with his parents on the east side of South Seminary Street in Madisonville, Kentucky, left his house and walked directly across the street to collect the mail of a neighbor who was then in a hospital in Louisville. At this point the street is twenty-four feet wide. After collecting the mail, appellee started back across the street. He stopped at the curb on the west side of Seminary Street at a point approximately midway in the block between Jagoe and Lake Streets and looked for oncoming traffic before stepping into the street. He looked first to his left, northward along Seminary Street, and saw the headlights of an approaching southbound car near the intersection of Seminary Street and Lake Street. Stepping off the curb into Seminary Street, he then looked to his right, southward, and observed the headlights of an approaching northbound car, he said, at a point near the intersection of Jagoe and Seminary Streets, about 550 feet away. This car, as it turned out, was being driven by William A. Dickerson, a seventeen-year-old high-school student en route to pick up his date for a party. An eyewitness put the Dickerson car much closer, testifying that he estimated the car to be only about four car-lengths south of appellee when appellee first stepped from the curb into the street.

In the belief that he had ample time in which to cross the street in front of the approaching cars, appellee began to walk eastwardly across Seminary Street at what he characterized as his "normal pace." By his own admission, appellee never again looked south to check on the progress of the northbound vehicle after his initial observation, and did not see it again until an instant before he was struck by the right front fender of the car. The solid impact occurred at a point in Seminary Street just a "step or two" west of the east curb. The portion of the street crossed by appellee was not designated as a crosswalk area. The speed limit along this residential section of the street was

35 miles per hour. There was evidence that William A. Dickerson was driving within the posted speed limit. From the point where skid marks first started, it appears that the automobile traveled a distance of approximately 140 feet before it came to rest.

In support of their contention that Martin was contributorily negligent as a matter of law, appellants cite KRS 189.570 (4) (a) in part as follows:

> "Every pedestrian crossing a roadway at any point other than within a marked crosswalk * * * shall yield the right of way to all vehicles upon the roadway."

In Music v. Waddle, Ky., 380 S.W.2d 203, this court explained that unless the above-mentioned provision is to be reduced to something less than the statutory mandate, the necessity of the pedestrian's keeping a reasonable lookout for his own safety cannot end at the curb, but must continue until the pedestrian clears the street, because for him the statute has declared the street a danger area as a matter of law. In holding the plaintiff in Music guilty of contributory negligence as a matter of law, we said:

> " * * * The approaching car driven by Music was in plain view from the moment Waddle left the curb until he was struck down by it. Whether he misjudged its speed, its distance from him, or both, or was simply mistaken in testifying that he last saw it more or less simultaneously with the passage of the vehicle in which Mrs. George was riding, is immaterial. That a reasonable man would have taken another and closer look as he proceeded across the street is a proposition on which we find no room for difference of opinion. Waddle admitted he made no attempt to do so."

█ It is abundantly clear that the elements critical to the principle thus enunciated were conclusively established by the evidence in the instant case. By his own admission, appellee crossed the street in the middle of the block at a place not designated as a pedestrian-crossing point. Further, after first observing the approach of the Dickerson car as he stepped from the west curb into the street, appellee did not again look toward it to observe its progress, and did not see it again until an instant before he was hit. His continuous movement across this "danger area" without making further observations as to the presence of automobile traffic which he knew to exist was corroborated by the testimony of an independent eyewitness. It is the opinion of this court that appellee was contributorily negligent as a matter of law.

This brings us to the consideration of last clear chance. Appellants rely upon Severance v. Sohan, Ky., 347 S.W.2d 498, to support their view that the doctrine of last clear chance should as a matter of law not apply in the instant case. In Severance, the plaintiff-pedestrian had alighted from a bus and thereafter proceeded on foot, across the lanes of traffic in which the bus traveled, to the center line of the street and thence into the lanes carrying traffic in the opposite direction. According to the evidence, Mrs. Severance looked for oncoming traffic while standing on the center line but did not see the approaching automobile which struck her only a moment after she stepped from the center line into its lane of travel. In holding that she was not entitled to the benefit of an instruction on last clear chance, we said:

> "From what we have said it follows that Mrs. Severance was in a position of peril only momentarily before the impact. * * * there must be evidence authorizing the jury to find that the motorist's last chance to avoid the accident after the victim was in a position of peril was in fact a *clear* chance, and not merely a speculative possibility. * * *"

In Music v. Waddle, supra, in affirming the lower court's refusal to instruct on last clear chance, this court was impressed by the fact that the injured pedestrian moved rapidly from the curb into the lane of traffic in which he was struck. We found in that case that Music did not become aware of the pedestrian's presence in the roadway until he saw the pedestrian "shoot across" in front of him, whereupon he instantly applied his brakes, to no avail.

In Satterly v. Stiles, Ky., 409 S.W.2d 820, we qualified the doctrine in stating: " * * * So long as the pedestrian and the motorist have equal opportunities to avoid the accident, neither may be said to have the 'last' chance—they simply have concurrent chances. * * * " However, here again we were impressed by the immediateness of the impact following the pedestrian's movement into a position of obvious peril. In Satterly v. Stiles, we said:

" * * * we are entirely unable to envision that brief time elapsing while appellant took 'one or two' steps 'hurriedly' as being a sufficient interval to afford to appellee Stiles a last, clear, chance to avoid the collision."

■ There is ample evidence in the instant case to clearly distinguish it from the aforementioned cases in which the doctrine of last clear chance was held inapplicable. Appellee, in walking at what he said was his "normal pace," had traversed nearly the entire width of Seminary Street within appellant William A. Dickerson's line of sight. If the jury believed appellee's testimony that the Dickerson automobile was near the intersection of Jagoe and Seminary Streets when appellee first stepped into the street, and if they further believed appellant William A. Dickerson's testimony as to his approach speed of 30 miles per hour, this would have meant that appellee was present in the street for up to twelve seconds before he was struck by the Dickerson car. Moreover,

though appellee was dressed in dark clothing, the portion of the street across which he walked was well lighted by an overhanging street lamp. There was testimony to the effect that the lighting was sufficient for a man in the street to be seen by an approaching motorist. We think that upon such facts a jury could find that Dickerson, in the exercise of ordinary care with the means at hand, had the last chance to avoid the accident—a chance that was clear and not merely a speculative possibility. Accordingly, it was proper for the trial court to submit to the jury the issue of last clear chance on the evidence contained in the record. Nixon v. Morris, Ky., 433 S.W.2d 364; Marshall v. Merrifield, Ky., 431 S.W.2d 870; Fenwick v. Daugherty, Ky., 418 S.W.2d 243.

■ Since there was a jury issue on last clear chance, the appellants fail in their contention that they were entitled to a directed verdict. They argue as a second contention, however, that in any event the court should have instructed the jury that Martin was contributorily negligent as a matter of law, and should have submitted to the jury only the issue of last clear chance. That is what this court directed to be done in Mullins v. Bullens, Ky., 383 S.W.2d 130, and approved in a later appeal: Bullens v. Mullins, Ky., 409 S.W. 2d 161. The appellee counters this argument with the proposition that the appellants cannot complain of the submission to the jury of the issue of the appellee's contributory negligence because they offered an instruction on appellee's contributory negligence.

It is true that the appellants did offer an instruction on appellee's contributory negligence, but this was done only after the court had overruled their motion for a directed verdict, in connection with which motion they had made clear to the court their position that the appellee was contributorily negligent as a matter of law. When the court overruled their

motion, the appellants had no choice but to offer a contributory negligence instruction, because the court had in effect ruled that contributory negligence was a jury issue, and it was not to be anticipated that the *appellee* would offer an instruction on his own contributory negligence. So we conclude that the appellants are not precluded, by the fact that they offered a contributory negligence instruction, from arguing here that this issue should not have been submitted to the jury.

 Since the appellee was contributorily negligent as a matter of law, the issue of contributory negligence should not have been submitted to the jury. There is no way to know whether the verdict for the appellee was based upon a finding of no contributory negligence or upon a finding of last clear chance. Therefore, the error in submitting to the jury the issue of contributory negligence must be considered prejudicial. Accordingly, we shall reverse the judgment with directions for a new trial at which, as concerns liability, only the issue of last clear chance will be submitted, the same as was done in Mullins v. Bullens, supra.

It is our opinion, however, that this limited submission will call for a careful wording of the last-clear-chance instruction so that the jurors will clearly understand the narrow issue presented to them. The instruction should not be so worded as to give room for an inference that the appellants were the only ones who could have been at fault in the accident, and it should be so worded as to make clear that the issue is of the appellants having the *last* chance—a chance that remained after the appellee's chance was gone. We suggest an instruction on this point in this form:

"If you believe from the evidence that the plaintiff in crossing the street reached a point at which he could not by the exercise of ordinary care on his own part escape being struck by the defendant's automobile, after which the

defendant, by the exercise of ordinary care on his part, should have observed the plaintiff's peril and could have stopped, slowed, or changed the course of his automobile and thus avoided striking him, then you shall find for the plaintiff; but unless you so believe you shall find for the defendant."

The judgment is reversed for proceedings consistent with this opinion.

All concur.