James M. SEYMOUR, Appellant,

v.

**STATE FARM MUTUAL INSURANCE COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

March 22, 1974.

Rehearing Denied May 24, 1974.

D. H. Robinson, Robinson, Rechtenwald, Tackett & DeMoss, Louisville, for appellant.

Joe H. Taylor, Hogan, Taylor, Denzer & Bennett, Louisville, for appellees.

CULLEN, Commissioner.

James M. Seymour, while a pedestrian upon a city street in Louisville, was struck by an automobile operated by Eugean Bailey, an uninsured motorist. Seymour sued his own insurance carrier, with which he carried uninsured-motorist coverage, and Bailey. At the close of the evidence the insurance carrier moved for a directed verdict on Seymour's claims on the ground that Seymour was barred by his own negligence, and the motion was sustained. Seymour has appealed from the judgment which dismissed his action.

We are reversing the judgment because in our opinion the evidence warranted submission of the case to the jury on a last clear chance issue.

The accident occurred at the place where Ellison Avenue, a four-lane street running east, makes a "T" intersection with Barrett Avenue, a four-lane street which runs north and south. The streets were covered with snow and ice. The time of day was 9 a. m. Seymour crossed the area of the intersection diagonally, from a point on the east side of Barrett Avenue a few feet north of the intersection, towards a point on or near the southwest corner of the intersection. He said that he was just a step from the curb on Barrett, where the sidewalk on Barrett continues south of the intersection, when he was struck by the Bailey car. He further said that before starting across the intersection he saw the Bailey car approaching on Barrett from the north a "good block" away, which he considered sufficiently distant to permit him to cross in safety.

Bailey testified that he saw Seymour from the moment the latter commenced crossing the street and he (Bailey) did not at first consider it necessary to slow his speed because Seymour had ample time to complete the crossing; however, when Seymour got almost to the curb of Barrett on the southwest corner of the intersection, Seymour turned to his left and started walking down Barrett, to the south, in the traffic lane next to the curb. Bailey then applied his brakes and attempted to cut his car to the left, but because of the snow and ice he was unable to stop or change direction, and his car slid slowly into Seymour.

The substance of Bailey's defense is that he *assumed* that Seymour would continue his angle of crossing and step up on the sidewalk, whereas Seymour instead changed his course and started walking down the street. Seymour's testimony, as above noted, denied the change of course. There is some inconsistency in Seymour's testimony as to the exact point of the accident, and some of his statements could be construed as admitting that the point

of the accident was several feet south of the intersection (where Bailey said it was). These statements also could be construed, however, as meaning that the point of the accident was several feet south of the *south line* of Ellison Avenue, extended, rather than several feet south of the point where the curved curb at the southwest corner of the intersection terminates its arc and the curb becomes a straight line on Barrett Avenue. Under the latter construction, there is no inconsistency in Seymour's version of the accident that he was about to step up on the curb, continuing his established angle of crossing, when he was struck.

We think it is clear that Seymour was contributorily negligent as a matter of law in crossing the street other than within a crosswalk when the Bailey car was known by Seymour to be approaching (all of the evidence is that the Bailey car was driving at a slow speed). KRS 189.-570; Couch v. Holland, Ky., 385 S.W.2d 204; Satterly v. Stiles, Ky., 409 S.W.2d 820; Cassinelli v. Begley, Ky., 433 S.W.2d 651; Dickerson v. Martin, Ky., 450 S.W.2d 520. We find no merit in Seymour's contention that because at the very end of his diagonal trip across the street he entered into the area of an unmarked crosswalk, he brought himself under the protection afforded by KRS 189.570 to a pedestrian in a crosswalk. It is obvious, we think, that the statute refers to pedestrians *crossing* in a crosswalk, not to those who enter upon the crosswalk only at the termination of the act of crossing.

Seymour's contributory negligence did not warrant a directed verdict against him, however, if there was a submissible issue of last clear chance. We think there was such an issue. Under Seymour's version of the accident, he did not deviate from the straight path in which he crossed the intersection and he was about to step upon the curb when he was hit. Admittedly, he had his back to Bailey all of the time

and it would be reasonable to find that Bailey knew Seymour was inattentive. So if Seymour's testimony be accepted, Bailey could be found to have had a last clear chance. See General Telephone Company v. Yount, Ky., 482 S.W.2d 567; Nixon v. Morris, Ky., 433 S.W.2d 364; Marshall v. Merrifield, Ky., 431 S.W.2d 870; Payne v. Zapp, Ky., 431 S.W.2d 890; French v. Mazzoli, Ky., 433 S.W.2d 122; Shea v. Bruner, Ky., 426 S.W.2d 482; Fenwick v. Daugherty, Ky., 418 S.W.2d 243, and Frank v. Silvers, Ky., 414 S.W.2d 887.

Even under Bailey's version of the accident a permissible finding of last clear chance would be precluded only if it be considered that Seymour did not get into a position of peril until he turned from his crossing path and started down the street, at which time it was too late for Bailey to do anything to avoid the accident. We are not persuaded that such a consideration would be valid, since Seymour might reasonably be thought to be in peril so long as his act of crossing the street remained uncompleted, in view of his previous disregard for traffic rules, his inattentiveness to approaching vehicles, and the slippery and snowy condition of the street.

We are reversing the judgment for error in not permitting the case to go to the jury under a last clear chance instruction.

■■ Seymour asserts additional error in the refusal of the trial court to permit a police officer to testify as to the existence of an unmarked crosswalk, by customary usage, extending straight across Barrett Avenue at the south end of the intersection. It is a sufficient answer, as hereinbefore stated, that Seymour was not *crossing* the street in any crosswalk, marked or otherwise. However, we are impelled to point out that the existence of an unmarked crosswalk at an intersection is a matter of statute rather than custom. See Ellis v. Glenn, Ky., 269 S.W.2d

234; Clark v. Smitson, Ky., 346 S.W.2d 780; Frank v. Silvers, Ky., 414 S.W.2d 887.

The judgment is reversed for further proceedings in conformity with this opinion.

All concur.