**Marvin C. ELLIS, Appellant,**

v.

**Thomas Lee QUINKER, Appellee.**

Court of Appeals of Kentucky.

April 27, 1984.

Discretionary Review Denied by
Supreme Court Sept. 5, 1984.

James C. Hickey, Ewen, MacKenzie &
Peden, P.S.C., Louisville, for appellant.

Harry L. Hargadon, Jr., Hargadon, Lenihan & Harbolt, Louisville, for appellee.

Before GUDGEL and LESTER, JJ., and
PAXTON, Special Judge.

PAXTON, Special Judge.

Marvin C. Ellis appeals from a judgment
of the Jefferson Circuit Court, entered
upon a jury verdict, that ordered him to
pay $39,000.00 in damages for personal injuries sustained by Thomas Lee Quinker.

Quinker, an 18-year-old high school senior, was struck, as he was crossing Taylorsville Road from the south side to the north
side at Arden Road in Louisville, by a vehicle driven by Ellis in a westerly direction.
Taylorsville Road is a typical 4-lane city
street with an additional turn lane from
westbound Taylorsville Road to southbound Maywood Lane (Maywood Lane on
the south side of Taylorsville Road changes
to Arden Road on the north side). Taylorsville Road is divided by a concrete median
at the site of the accident. The accident
occurred within the unmarked crosswalk of
the intersection at approximately 7:00 a.m.
and although it was not yet daylight, there
was credible evidence that the intersection
was well-lighted by streetlights.

According to Quinker's own testimony,
he walked to the concrete median, looked to
his right and saw two headlights coming
toward him at a speed, and from a sufficient distance, that led him to believe he
could cross safely. He further testified
that he then began walking across the
three traffic lanes in a normal, steady pace,
never again looking in the direction of the
approaching headlights until immediately
before he was struck by the Ellis automobile as he approached the north side of
Taylorsville Road.

The case was submitted to the jury on the issues of the negligence of Ellis and the contributory negligence of Quinker. The jury found in favor of Quinker, and Ellis appeals from a judgment entered upon that verdict. The single issue presented for our determination is whether Quinker, under the facts admitted by him, was contributorily negligent, as a matter of law, in failing to exercise ordinary care for his own safety.

Ellis argues that because Quinker knew of the approaching vehicle, his failure to look again in its direction as he crossed the three traffic lanes was a failure to exercise the care of an ordinarily prudent person under the circumstances; he relies on *Music v. Waddle,* Ky., 380 S.W.2d 203 (1964), and *Dickerson v. Martin,* Ky., 450 S.W.2d 520 (1970).

Although *Music* and *Dickerson* each involved an accident between an automobile and a pedestrian, neither accident occurred in a marked crosswalk or in an unmarked crosswalk within an intersection. We believe this distinction to be important, because of KRS 189.570(6)(a), which provides:

> Every pedestrian crossing a roadway at a point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway.

Thus, Quinker, who was in an unmarked crosswalk at an intersection, was required to yield to the automobile driven by Ellis only "[w]here by reasonable judgment or reasonable calculation or estimate of distance, speed and time of both the pedestrian and the automobile, the automobile will probably first reach the point of meeting ...." *Whittaker v. Thornberry,* 306 Ky. 830, 209 S.W.2d 498, 502 (1948). "Where the pedestrian would probably reach the meeting point first ..." and "[w]here the automobile is so near to the probable point of meeting that if it should continue its course in a careful and prudent way, circumstances considered, and the pedestrian should proceed in like manner, a collision would naturally be expected to follow—in short, if they would reach the point simul-

taneously—the statute requires the automobile to yield to the pedestrian." *Whittaker, supra,* at 502. We believe the question of fact to be, not whether Quinker was successful in crossing the street safely (we know that he was not!), but whether he acted as a reasonable prudent person in estimating the distance, speed, and time of both himself and the Ellis automobile, and then attempting to cross in front of it. The jury could reasonably believe that if he had made the proper evaluation on distance, speed, and time, there would have been no need for him to take another look as he crossed Taylorsville Road.

Ellis next argues that the trial court erred in submitting to the jury the question of whether Quinker's negligence was a cause of the accident. This argument presupposes that Quinker was negligent and that the only reason for submitting the case to the jury was to determine whether that negligence was a substantial factor in causing the accident. Although the trial judge indicated in his written opinion that the real issue in the case was "whether the violations of Plaintiff Quinker or Defendant Ellis had been substantial factors in causing or bringing about the accident ...," he nevertheless combined the negligence and causation issues in his instruction on contributory negligence. Because of our holding that Quinker was not contributorily negligent as a matter of law, there is no reason for us to address the causation issue.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.