## Director General of Railroads, etc. v. A. C. Schuff & Company.

(Decided February 14, 1922.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Appeal and Error—Carriers—Damages—Instructions.—Where, in an action against the Director General of Railroads for injury to a car load of corn, it appeared that the corn was delivered to a purchaser who, after unloading three-fourths of it, discovered that the remaining one-fourth was in bad condition and then reloaded the corn, but there was nothing to show that the purchaser or those who subsequently handled the corn were negligent or added to the injury in any way, an instruction on the measure of damages was not erroneous in failing to direct the attention of the jury to that part of the corn which was in fact injured when the car reached the purchaser.

2. Carriers—Action for Damages—Trial—Instructions.—An instruction in an action against the Director General of Railroads for damages to shipment of corn, fixing the measure of damages at the difference between the fair and reasonable market value of the corn in clean condition at the time and place of delivery and its fair and reasonable market value at the same time and place in the condition in which it was delivered, is not subject to complaint that it authorized special damages.

3. Appeal and error—Carriers—Director General of Railroads—Carrier Against Whom no Judgment was Rendered Not Prejudiced by Refusal of Peremptory Instruction.—A carrier, against whom no judgment was rendered in an action for damages against the Director General of Railroads, was not prejudiced by the refusal of the court to sustain its motion for a peremptory instruction.

4. Carriers—Carriage of Goods—Liability of Carrier—Peremptory Instruction.—In an action against the Director General of Railroads for damages to a shipment of corn the defendant was not entitled to a peremptory instruction on the ground that the shipper selected the car, and that the carrier was not therefore responsible for its insufficiency, where the car was not selected by the shipper and all the evidence tended to show that the car was clean and in good condition when loaded.

TRABUE, DOOLIN, HELM & HELM, R. F. FLETCHER, BLAKEY HELM, B. D. WARFIELD and MOORMAN & WOODWARD for appellants.

THOMAS C. MAPOTHER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The Director General of Railroads appeals from a judgment awarding A. C. Schuff & Company the sum of $605.56 as damages to a car load of shelled corn.

The facts are as follows: A. C. Schuff & Company, who are engaged in the grain business in Louisville, purchased from the Wabash Elevator Company at Uniontown a car load of shelled corn in bulk, to be delivered at Louisville at the price of $1.67¼. The car in which the shipment was to be made was furnished by the Illinois Central Railroad Company. The car was cleaned and inspected by the railroad officials before it was placed for loading, and was apparently clean when the corn was loaded. The corn itself was also in good condition. The car was carried to Louisville by the Illinois Central Railroad Company, and, on its arrival, the corn was inspected and graded as No. 2. A. C. Schuff & Company sold the corn to the Ballard & Ballard Mills for $1.80. It was then delivered to the purchaser by the Louisville & Nashville Railroad Company. On unloading the corn, the purchaser found that coal dust had become mixed with the corn and declined to accept the corn. It then reloaded the corn, which was again inspected and graded as No. 3. Upon this inspection it was sold to Bingham-Hewitt Grain Company at $1.63 per bushel and delivered to them at the Big Four Elevator. As the car was

being unloaded the Bingham-Hewitt Grain Company discovered the presence of the coal dust and refused to take the corn. The car was then switched to the elevator of Verhoeff & Company, who advised that the corn could not be cleaned. The corn was then sold to the Louisville Milling Company for $1.28 per bushel. The switching and storage charges after the rejection by Ballard & Ballard Mills, amounted to $40.23. There was evidence tending to show that the car had been previously loaded with coal, and that the coal dust in the lining of the car had been shaken out and mixed with the corn.

The court fixed the measure of damages as the difference between the fair and reasonable market value of the corn in clean condition at the time and place of delivery and its fair and reasonable market value at the same time and place in the condition in which it was delivered. It is suggested that the railroads were not liable for any injury occurring after the corn was delivered to Ballard & Ballard Mills, and as there was evidence tending to show that only about one-fourth of the corn was injured when so delivered, the instruction on the measure of damages should have directed the attention of the jury to that part of the corn which was in fact injured when the car reached Ballard & Ballard Mills. Even if it be conceded without deciding that Ballard & Ballard Mills was the agent of Schuff & Company for the purpose of receiving the corn, the evidence failed to show that that company, or any one else who subsequently took charge of the corn, was guilty of any negligence in handling the corn or added to the injury in any way. In view of these circumstances and the further fact that the instruction required the damages to be estimated at the time and place of delivery it cannot be said that the instruction was erroneous in not directing the attention of the jury more specifically to that part of the corn which was injured when the car reached the original purchaser.

Another contention is that as the instruction authorized the damages to be assessed on the basis of the price for which plaintiff sold the corn, and not on the basis of the price which he paid for it, it in effect authorized the assessment of special damages without showing that the carriers had notice of the special contract of sale. Clearly, there is no merit in this contention. The instruction did not refer to the sale price, but only to the market value of the corn at the time and place of delivery. That being

true, only general damages were authorized, and the mere fact that the sale price and the market price happened to be the same did not have the effect of changing the character of the damages from general to special.

The point is also made that the Louisville & Nashville Railroad Company's motion for a peremptory instruction should have been sustained on the ground that no negligence on its part was shown. We need go no further than to say that no judgment was rendered against that company, and that being true, it was not prejudiced by the refusal of the peremptory.

Another insistence is that the peremptory should have gone because the shipper selected the car, and therefore the carriers were not responsible for its insufficiency. In reply to this contention it is sufficient to say that the shipper did not select the car, and that all the evidence tends to show that the car was clean and in good condition when loaded. On the whole we find no error in the record prejudicial to the substantial rights of appellant.

Judgment affirmed.