**V. T. C. LINES, Inc., Appellant,**

**v.**

**CHAPPELL'S DAIRY, Inc., Appellee.**

Court of Appeals of Kentucky.

Feb. 8, 1957.

J. B. Johnson, Harlan, for appellant.

James Sampson, William A. Rice, Harlan, for appellee.

CLAY, Commissioner.

This litigation arose out of a collision between a bus owned by plaintiff appellant and a truck owned by defendant appellee. The jury found both parties negligent and awarded damages to neither.

It is plaintiff's first contention that the only reasonable inference to be drawn from the evidence was that defendant's negli-

gence caused this accident, and a verdict should have been directed in plaintiff's favor.

Plaintiff's bus, during the daytime, was on a regularly scheduled trip traveling on Highway 421 from Chevrolet to Harlan. The bus stopped at a railroad crossing near Chevrolet. While it was thus stopped, defendant's truck, traveling in the same direction, pulled up behind the bus. The bus, with the truck still following behind, then crossed over the tracks and stopped some 40 feet beyond to pick up passengers. The truck stopped also. The bus again started up with the truck following, about 21 feet behind. After traveling perhaps 300 feet, the driver of the bus saw another of plaintiff's buses approaching from the opposite direction. He had instructions for the other driver and he signaled him to stop, and began to stop himself. It was then the truck, which had been traveling 20 to 25 miles an hour, ran into the back of the bus.

The accident occurred at a spot near a gradual curve, and at the point of the accident the center white line of the road was flanked by yellow lines, i. e., passing was allowed in neither direction.

The rest of the evidence is conflicting. The driver of the bus said that he began gradually slowing down and that he was hit before he had completely stopped. This story is corroborated by at least one passenger in his bus. However, two other passengers say he stopped suddenly and was hit after he had come to a stop.

There is a conflict concerning whether the rear stop lights were burning at the time of the accident. The bus driver said they were, but he was in no position to know. A test was run on them after the accident, and they did not work. The driver of defendant's truck said they were not operating, or, at least, that he did not see them.

Plaintiff's first contention is based primarily on the provisions of KRS 189.340 (7) (b) which provides that:

"The operator of any motor truck, semitrailer truck, bus or heavy construction equipment unit when traveling upon a highway outside of a business or residential district shall not follow within 250 feet of another such vehicle or equipment unit. * * *."

■ Plaintiff argues that since defendant's driver violated this statute, such violation constituted negligence, and therefore the plaintiff should recover as a matter of law. In view of the nature of the verdict, it is not necessary to determine the question of defendant's negligence. The jury found *both* parties negligent. To be entitled to a directed verdict (there having been a plea of contributory negligence) the plaintiff must not only show the defendant negligent, but must establish as a matter of law that its driver *was not* negligent. If a jury reasonably could have inferred that plaintiff's driver was negligent and that his negligence contributed to the accident, then defendant's negligence is immaterial on the issue of plaintiff's right to a directed verdict.

■ There appear at least three circumstances reasonably justifying a jury conclusion that the bus driver's negligence contributed to this accident. The first is the absence of a working stop signal light on the bus. The testimony of the defendant's driver tended to show that there was no such light. While the jury did not have to give credence to this testimony it could properly do so.

The second circumstance is the manner in which the bus driver stopped. There was substantial evidence the stop was sudden (in fact there was testimony that the stop was so sudden that several passengers were thrown from their seats as a result of it). The jury could reasonably accept this evidence as true and infer that a sudden stop was a principal cause of this accident.

Finally, it is apparent that the bus driver was aware, or should have been aware,

of the fact that the truck was following closely behind. Under such circumstance the jury could have found that reasonable care required the bus driver to take extra precautions in giving the truck driver notice of his intention to stop and in stopping on the highway.

Plaintiff cites the case of Owen Motor Freight Lines v. Russell's Adm'r, 260 Ky. 795, 86 S.W.2d 708, for the proposition that one is negligent if he fails to maintain such a distance between his vehicle and a forward one so as to provide for the contingency of the forward vehicle making a sudden stop. The case does stand for that proposition. However that does not reach the question here. The question is whether the plaintiff's driver was negligent in the manner of his stopping. Since the jury could properly so find, plaintiff was not entitled to a directed verdict.

 Plaintiff objects to Instruction 1–A given by the lower court. It is said this instruction is faulty in that it fails to state the duties of defendant in adequate terms. The answer to this contention is that any deficiency in the instruction was cured by the verdict. Inasmuch as the jury found plaintiff was negligent, it was not prejudiced by the trial court's failure to instruct on all possible negligent acts of the defendant. Foley's Adm'r v. Witt, 294 Ky. 498, 172 S.W.2d 81. It was there said, 172 S.W. 2d 84:

"The evidence of the plaintiff authorized the giving of the instruction. Had it been given it would have only afforded an additional ground of negligence upon the part of the defendant upon which the jury could have based a verdict. The jury did find the defendant to be negligent in one or more particulars described in the given instructions. To have submitted another could not have changed the verdict. It would only have enabled the jury to have found the defendant more negligent. * * * The omission of

the instruction was therefore a harmless error."

 Our attention is called to the later case of Rogers v. Abbott, Ky., 240 S.W.2d 840, wherein we held "reversible error" had been committed in a similar situation. This later case is perhaps distinguishable on the ground that the judgment was reversed for other errors in the record, and consequently on a new trial a proper instruction was ordered given. The use of the term "reversible error" was apparently inadvertent and was misleading in that case because this error alone would not have required reversal. When the defendant has been found negligent, an instruction which failed to include all of his duties becomes harmless error. We believe the Foley case, Foley's Adm'r v. Witt, 294 Ky. 498, 172 S.W.2d 81, correctly states the law on the present appeal.

The judgment is affirmed.