CINCINNATI, NEW ORLEANS & TEXAS
PACIFIC RAILWAY COMPANY
et al., Appellants,

v.

Lora WOOD, Administratrix of the Estate of
John J. Riley, Appellee.

Court of Appeals of Kentucky.

July 2, 1965.

Ben D. Smith, Smith & Blackburn, Somerset, for appellants.

Homer Ramsey, Whitley City, for appellee.

DAVIS, Commissioner.

This is a wrongful death action resulting from the death of John J. Riley who was struck and killed by a southbound freight train of the appellant railroad at a public crossing in Pine Knot. The jury returned a verdict of $10,000 against the railroad and its engineer. They appeal from the judgment entered on the verdict, asserting that the decedent was guilty of contributory negligence as a matter of law, and that the verdict is contrary to the law and evidence in the case.

When John J. Riley was walking across the railroad crossing on a clear day in October he was struck and killed by a diesel locomotive on the freight train. The evidence reveals that Riley had a clear view of the train for at least five or six hundred feet, but that he did not look toward the area from which the train was approaching the crossing. For the railroad there was evidence that the statutory signals by whistle and bell were duly given. KRS 277.190. For the appellee there was substantial evidence that neither of these signals was given. The trainmen deposed that the brakes of the train were set in emergency when the locomotive was more than two hundred feet from the crossing, but this evidence was contradicted by credible evidence.

The fireman said that he observed Riley walking across the first main track, and then, in the fireman's words:

"Q18  Then what did he do?

A     He just kept walking. He never slowed up or broke his pace.

He just kept walking like he started.

Q19 What did you do?

A Well, when he got past the first main track coming toward the track we was on I hollered at my engineer and said 'I don't believe that man is going to stop walking.' That's when he put the brakes in emergency.

\* \* \* \* \* \*

Q26 About how far were you from the crossing when the brakes were put into emergency?

A About six or eight car lengths."

(The fireman testified that the length of the cars ranged from forty to fifty feet each.)

There is no showing that the train could have been brought to a stop, or indeed materially slowed, from the time of the application of the brakes until it struck the decedent.

■ We think there can be no serious question that the decedent was as a matter of law guilty of contributory negligence. For examples of the host of authorities sustaining that view, see Louisville & N. R. Co. v. Hyde, Ky., 239 S.W.2d 936; Louisville & N. R. Co. v. Fisher, Ky., 357 S.W.2d 683.

■ The only other question is whether the railroad and its engineer may be held liable on the "last clear chance" theory. The Court is of the view that liability may not be imposed on that theory. The Court does not feel that the last clear chance rule permitting recovery for negligence of the defendant after the plaintiff's inattentiveness is discovered serves to save this decedent's estate from the contributory negligence of the decedent. See, Prosser on Torts, 2d Ed., § 52, pp. 293, 294; Restatement of Torts, § 480. It is the Court's opinion that the record fails to reflect that the railroad's operatives could have done anything to avoid the accident after the de-

cedent's inattentiveness was realized. See, Whitesides v. Reed, Ky., 306 S.W.2d 249.

Appellants made timely motions for directed verdict and judgment n. o. v. It was error to deny them.

The judgment is reversed with directions to enter judgment n. o. v. for the defendants.