Joseph A. FEISTRITZER, Appellant,

v.

Gerald Ray LISTER et al., Appellees.

Court of Appeals of Kentucky.

March 25, 1966.

**50**

P. Joseph Clarke, Jr., Danville, for appellant.

James G. Sheehan, Jr., Danville, for appellees.

CULLEN, Commissioner.

Appellee Gerald Ray Lister, driving his automobile in a southerly direction on a two-lane highway a short distance south of the city limits of Danville, undertook to make a left turn (to the east) into a side road. Before his car had cleared the northbound lane of the highway it was struck by a motorcycle operated by appellant Joseph A. Feistritzer, which came from the south. Feistritzer sued Lister and his parents, and the latter counterclaimed. The jury found both drivers negligent and did not award damages to anyone. Feistritzer alone has appealed from the judgment which dismissed all claims.

The major contention of the appellant is that the trial court erred in refusing to give a last clear chance instruction as requested by appellant.

■ The argument is that the jury reasonably could have believed that after the situation of peril developed (Lister being in the process of turning across the northbound lane; Feistritzer approaching at high speed in that lane; and the southbound lane being occupied, just north of Lister's car, by a southbound automobile) Lister had a clear chance to avoid the accident by "gunning" his car out of the path of the motorcycle. We find no merit in the argument because the evidence shows that at the most two seconds elapsed from the time Lister commenced his turn to the time of impact. Making some allowance for reaction time, this means that Lister had only a little more than one second in which to undertake an escape by a radical increase in the speed of his car. Not only was his time for action extremely short, but the chance of the action's being successful was conjectural. In our opinion reasonable men could not say that Lister had a clear chance. Cf. Dixie Ohio Express Co. v. Eagle Express Co., Ky., 346 S.W.2d 30; Severance v. Sohan, Ky., 347 S.W.2d 498.

■ The appellant contends that the evidence would have warranted a finding that

Lister "froze" and *stopped* his car across the north-bound lane, and therefore the jury could have believed that he had a clear chance to avoid the accident simply by continuing to move instead of stopping. However, as we read the evidence it would not have warranted a finding that Lister so stopped his car. All of the evidence is that he kept moving.

The appellant suggests that the trial court erred in not instructing the jury that Lister was negligent as a matter of law. Assuming for the purposes of argument that this was error it was not prejudicial because the jury found Lister negligent.

The judgment is affirmed.