**Betty HOSCH, Administratrix of the Estate of Ronald N. Hosch, Deceased, Appellant,**

v.

**Eugene Edward HELTON, Appellee.**

Court of Appeals of Kentucky.

June 9, 1967.

Robert L. Milby, Hamm, Taylor & Milby, London, for appellant.

Roy E. Tooms, Jr., Brown, Tooms & Helton, London, for appellee.

PALMORE, Judge.

Ronald Hosch was killed when he drove his automobile into the rear end of a coal truck operated by Eugene Helton. His administratrix brought this action against Helton for wrongful death. Helton counterclaimed for personal injuries and property damage. A jury found specifically

that both drivers were negligent, and judgment was entered dismissing both claims. The plaintiff appeals.

The accident happened on U. S. Highway 25 in Laurel County about a mile and a half north of Corbin. It was after dark, and the weather was dry and clear. At the scene of the accident U. S. 25 runs north and south and is practically straight and level. The pavement is three lanes (36 feet) wide, the east lane being for northbound and the middle and west lanes for southbound traffic. Proceeding north to south, the highway widens from two lanes to three lanes at a point 1250 feet north of the immediate place of the collision, and there are official signs giving notice of a "truck lane" and admonishing slow traffic to keep to the right.

Both vehicles were in the middle lane headed south. Helton was on his way home and was about to turn left into a side road. He was following another coal truck driven by his employe, Middleton. Middleton stopped in the middle lane of the highway in order to let four or five northbound vehicles go by, and then turned into the side road. Helton stopped immediately behind Middleton, but before he could put his truck back into motion as the Middleton truck turned off the highway he was struck from the rear by Hosch.

The main factual issue in the case was whether Helton's truck was properly lighted. Cf. KRS 189.050. Appellant contends the trial court erred in (1) refusing to instruct the jury that Helton was negligent as a matter of law for failure to have his truck equipped with lights that met the statutory requirements, (2) permitting evidence that his lights were burning at various intervals before the accident, and (3) refusing to instruct the jury that it was Helton's duty not to stop his truck on the main traveled portion of the highway.

■ The answer to points (1) and (3) is that since the jury found Helton negligent anyway, any and all deficiencies in the in-structions relating to his duties, including a refusal to hold him negligent as a matter of law, proved non-prejudicial to his adversary. Foley's Adm'r v. Witt, 294 Ky. 498, 172 S.W.2d 81, 84 (1943); V.T.C. Lines, Inc. v. Chappell's Dairy, Inc., Ky., 298 S.W.2d 683 (1957); Southeastern Greyhound Lines, etc. v. Grimes, Ky., 385 S.W. 2d 189, 191 (1964).

 The same principle applies with respect to point (2). The only negligence of which Helton could have been found guilty under the instructions given was a failure to have the proper lights on his truck. Necessarily, the jury found he did not have them. Hence the evidence tending to show the contrary proved to be ineffectual. Surely, the jurors did not find Helton negligent in *not* having the lights and at the same time find Hosch contributorily negligent on the theory that Helton *did* have them.

The judgment is affirmed.

All concur.