**Willie PARTIN et al., Appellants,**

v.

**Clair M. SHERMAN, Appellee.**

Court of Appeals of Kentucky.

Feb. 21, 1969.

Julian H. Golden, Pineville, for appellants.

Robert L. Milby, Hamm, Taylor & Milby, London, for appellee.

CLAY, Commissioner.

This is an automobile accident case in which the plaintiff appellants were awarded damages for personal injuries. Apparently they were disappointed with the amounts but they failed to move for a new trial on the ground that the damages awarded were inadequate.

Their first contention is that the trial court should have directed a verdict for them on the ground that defendant appellee was negligent as a matter of law. The evidence does not establish plaintiffs' premise but obviously this alleged error, if any, was not prejudicial. The jury found defendant negligent. Plaintiffs are complaining of what at most could be harmless error. CR 61.01. Director General of Railroads v. A. C. Schuff & Co., 193 Ky. 737, 237 S.W. 410; Feistritzer v. Lister, Ky., 401 S.W.2d 49, 20 A.L.R.3d 284.

It is next contended that the court erroneously refused to permit one of the plaintiffs to prove medical expenses. While testifying this plaintiff was handed a yellow sheet (by whom prepared is not shown) which purportedly enumerated a list of medical bills and he was asked if they were accurate. Upon objection and a showing that at least one of the items was obviously incorrect, and for other sufficient reasons, the court sustained an objection to testifying from this list. Assuming the trial judge committed error (which we do not think he did), the plaintiff failed to make an avowal of what these medical expenses were. In the absence of such an avowal, we of course cannot review the competency of his nonexistent testimony. United Fuel Gas Company v. Clarke, Ky., 387 S.W.2d 844.

The judgment is affirmed.

All concur.