**Gayle Frederick BROWN, Appellant,**

v.

**Odie SWIFT, Appellee.**

Court of Appeals of Kentucky.

June 13, 1969.

G. William Clements, J. Walter Clements, Louisville, for appellant.

Harry L. Hargadon, Jr., Hargadon, Hargadon, Leinhan & Harbolt, Louisville, for appellee.

EDWARD P. HILL, Judge.

This appeal undertakes to reverse a $15,000 judgment entered pursuant to the verdict of a jury in appellee's (plaintiff's) suit for personal injuries sustained when struck by appellant's (defendant's) automobile while appellee was crossing Frankfort Avenue in Louisville, Kentucky.

In appellant's lone ground for reversal, he argues that the trial court erred in giving a "last clear chance" instruction; that there was no evidence to justify such instruction.

The accident occurred about 10 p.m., New Year's Eve 1964, when appellee was crossing Frankfort Avenue from the north side in the vicinity of Stoll Avenue. At the point of the accident, Frankfort Avenue is 77.5 feet wide with two lanes for westbound traffic and two lanes for traffic going east. It runs generally in a northwest to southeast direction. Stoll Avenue runs in a north-south direction.

The evidence presents some conflict as to whether appellee was crossing in the unmarked crosswalk at Frankfort and Stoll Avenues. Appellee testified he started across the street "opposite" a streetlight on the corner of the intersection; that he went "straight across." After appellant's car struck appellee, he was carried on the hood of the car for about ten feet until he rolled off and came to rest near the southwest curb at the corner of Frankfort and Stoll Avenues. The front end of appellant's automobile was flush with an imaginary straight line running with the west

curb of Stoll Avenue. Appellant testified he was traveling east at a speed of 30 to 35 miles per hour with his headlights on low beam when he first observed appellee, dressed in dark clothing, a "couple of steps" left of the center line; that appellee was "walking at an angle" away from appellant and "looking down."

Appellant stated he stopped his car "within ten feet of the point of the impact." There is no paint mark indicating the crosswalk, the sidewalk on the west side of Stoll Avenue is five feet in width and there is a grass strip four feet wide between the sidewalk and the curb. So the west side of the crosswalk on Frankfort Avenue is nine feet from the west curb of Stoll Avenue. If, according to appellant, he stopped "within ten feet of the point of the impact" and the front end of his car was flush with the west curb of Stoll Avenue, the jury could well have concluded that appellee was struck while in or within one foot of the crosswalk. If this hypothesis is tenable, appellee had the right-of-way and is in a much better posture on the question of who had the right-of-way, the car or the pedestrian.

The investigating officer testified he found "17 paces" (about 51 feet) of skid marks, indicating the car was bearing to the right, giving evidence appellant was attempting to "go around" appellee.

There was evidence that the street was well lighted, although there was also evidence the lighting was poor.

Appellant's evidence that he saw appellee walking across the street "at an angle" away from appellant "looking down" showed sufficient circumstances to place appellant on notice that appellee was inattentive to his own peril. Appellant did not sound his horn. Considering these circumstances together with the width of the street and the time and distance appellee was out in the street, we conclude the question whether appellant exercised ordinary care to avoid striking appellee, after he admitted he saw appellee, was a jury question under the last clear chance doctrine. See Payne v. Zapp, Ky., 431 S.W.2d 890; George v. Evans, Ky., 405 S.W.2d 285; Frank v. Silvers, Ky., 414 S.W.2d 887; Fenwick v. Daugherty, Ky., 418 S. W.2d 243; Shea v. Bruner, Ky., 426 S.W. 2d 482; French v. Mozzali, Ky., 433 S.W. 2d 122; and Nixon v. Morris, Ky., 433 S. W.2d 364.

The judgment is affirmed.

MILLIKEN, OSBORNE, PALMORE, REED and STEINFELD, JJ., concur.