GENERAL TELEPHONE COMPANY OF
KENTUCKY, a corporation and Ernest
Taylor, Appellants,

v.

E. L. YOUNT and Clarence Campbell,
Appellees.

Court of Appeals of Kentucky.

June 9, 1972.

C. W. Swinford, Stoll, Keenon & Park, Lexington, for appellants.

Donald P. Moloney, Moloney & Moloney, Lexington, for appellees.

VANCE, Commissioner.

A jury awarded the appellees, E. L. Yount and Clarence Campbell, damages for personal injuries under a last clear chance instruction. This appeal is from the judgment entered upon the jury verdict.

Yount and Campbell were injured when a truck owned by the appellant, General Telephone Company, and driven by its employee, Ernest Taylor, struck a wire which Yount and Campbell were attempting to string across a principal street in Midway, Kentucky.

Yount and Campbell were employed to install Christmas lights across the street. To accomplish this it was first necessary to string a wire between utility poles located on the northeast and the northwest corners of the intersection of Winter and Bruen streets in the city.

Campbell first attached the wire to the utility pole on the northwest side of the intersection at a height of sixteen feet. He then gave the roll of wire to Yount and they both proceeded across the street. Both men ascended a ladder to attach the wire to the utility pole on the east side of the street. While Yount was holding the wire stretched across the street approximately eight feet and nine inches above ground level it was struck by the truck and caused injury to both men.

The driver of the truck testified that he did not see the wire or the workmen on the ladder. Yount and Campbell were working with their backs to traffic approaching from the south and they did not see the truck approaching. They did not have a lookout or flagman or any type of warning sign to alert traffic to the danger of the work in which they were engaging.

At the conclusion of the evidence the trial court instructed the jury as to the duties of Yount and Campbell and the truck driver and in addition gave a *last clear chance instruction*. The verdict was returned pursuant to the last clear chance instruction.

On this appeal appellants assert (1) that the trial court erred in failing to peremptorily instruct the jury that appellees were negligent as a matter of law, (2) that the trial court erroneously gave the last clear chance instruction and (3) that the trial court erroneously excluded certain photographs from the evidence.

■ Since the verdict was returned under the last clear chance instruction, it is apparent that the jury found the appellees were negligent. Consequently any failure of the trial court to peremptorily instruct as to their negligence was not prejudicial to appellants. Partin v. Sherman, Ky., 437 S.W.2d 735 (1969) and Hosch v. Helton, Ky., 415 S.W.2d 848 (1967).

■ We agree with appellants however that the last clear chance instruction was erroneously given. The doctrine of *last clear chance* is a humanitarian doctrine designed to soften the harsh effects of the contributory negligence rule and it will, in some instances, permit a recovery by one whose own negligence would otherwise bar recovery as a contributing factor to his injuries. It applies, under different standards, to two classes of plaintiffs, viz., the plaintiff in helpless peril and the plaintiff able to avoid injury to himself except for his inattention.

The application of the doctrine of last clear chance is succinctly stated in Sections

479 and 480 of the Restatement of the Law of Torts, Second, as follows:

"Section 479. Last Clear Chance: Helpless Plaintiff

A plaintiff who has negligently subjected himself to a risk of harm from the defendant's subsequent negligence may recover for harm caused thereby if, immediately preceding the harm,

(a) the plaintiff is unable to avoid it by the exercise of reasonable vigilance and care, and

(b) the defendant is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm, when he

(i) knows of the plaintiff's situation and realizes or has reason to realize the peril involved in it or

(ii) would discover the situation and thus have reason to realize the peril, if he were to exercise the vigilance which it is then his duty to the plaintiff to exercise."

"Section 480. Last Clear Chance: Inattentive Plaintiff

A plaintiff who, by the exercise of reasonable vigilance, could discover the danger created by the defendant's negligence in time to avoid the harm to him, can recover if, but only if, the defendant

(a) knows of the plaintiff's situation, and

(b) realizes or has reason to realize that the plaintiff is inattentive and therefore unlikely to discover his peril in time to avoid the harm, and

(c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm." [1]

The principal difference in the Restatement standards applicable to recovery by the *helpless plaintiff* and the *inattentive plaintiff* is that the *helpless plaintiff* may recover if the defendant in the exercise of ordinary care should discover the plaintiff's situation while the *inattentive plaintiff* may not recover unless the defendant actually knows the plaintiff's situation and realizes or has reason to realize that the plaintiff is inattentive and unlikely to discover his peril.

In Kentucky the law is generally in accord with the rules enunciated in the Restatement. We hold that the helpless plaintiff who has negligently subjected himself to a risk of harm from a defendant's negligence may recover from such defendant if the defendant knows the plaintiff's situation or in the exercise of ordinary care should have discovered the plaintiff's situation and realizes or has reason to realize the peril involved in any case where the defendant thereafter fails to exercise ordinary care to avoid injury. Wheeler v. Creekmore, Ky., 469 S.W.2d 559 (1971) and Rose v. Vasseur, Ky., 320 S.W.2d 608 (1959).

In the case of the *inattentive plaintiff* we have adhered to the requirement of actual knowledge of the situation on the part of the defendant before imposing liability under last clear chance. Saddler v. Parham, Ky., 249 S.W.2d 945 (1952).

The appellees cite the cases of Dickerson v. Martin, Ky., 450 S.W.2d 520 (1970); Meredith v. Crumpton, Ky., 434 S.W.2d 648 (1968); Cassinelli v. Begley, Ky., 433 S.W.2d 651 (1968) and Riley v. Hornbuc-

---

1. As used in the Restatement, knowledge of the situation refers to knowledge of the facts and circumstances which give rise to the plaintiff's peril. Realization of the peril refers to knowledge that the facts and circumstances in which the plaintiff is situated has caused him to be in danger. Reason to realize as used in the Restatement does not connote any duty to discover but only implies such knowledge of peril as would be imputed to a person of reasonable intelligence from the knowledge of the situation. Restatement of the Law of Torts, Second, Section 12(1).

kle, Ky., 366 S.W.2d 304 (1963), as authority for the proposition that we have extended the doctrine of last clear chance to include the *inattentive plaintiff* whose negligence should have been discovered by the defendant.

We do not believe that appellees have properly interpreted those cases. Riley v. Hornbuckle, supra, involved a factual situation in which a pedestrian was within the intended path of travel of an oncoming vehicle with nothing to obstruct the driver's view of the pedestrian. In that case we said:

> "There is yet another and more important reason why a directed verdict was not proper in this case. It is true, as observed in Severance v. Sohan, Ky.1961, 347 S.W.2d 498, 501, that over the years the last clear chance doctrine has been trimmed to a narrower (and, we believe, more accurate) basis. But it is not the intention of the court that this process be extended to the vanishing point, nor do we intend to hold that the rule will apply only where the party in peril is unconscious, crippled, fettered or otherwise in a helpless condition. While we do not withdraw in any respect from the principles stated in Saddler v. Parham, Ky., 1952, 249 S.W.2d 945, a majority of the court today feels that under the facts of that case the last clear chance issue should have been submitted to the jury. If it is to have any real effect as a humanitarian policy, we think the doctrine must be held applicable to the situation in which (as in the Saddler case) there is evidence that a pedestrian who was within the intended path of travel of an oncoming vehicle remained in that area of peril, with nothing to prevent the driver's seeing him, long enough for the vehicle to move a distance of several hundred feet. When this occurs, there is usually a point in time at which the curtain closes on the ability of the pedestrian to get out of the way of a faster-moving vehicle while it yet remains open for the driver to shift his course.

> Whether that interim constitutes a 'clear' chance ought to be left to the jury."

*Riley* specifically affirmed the principles enunciated in Saddler v. Parham, supra. It went further to say however that in cases where a vehicle strikes a pedestrian and the driver of the vehicle has an unobstructed view of the scene for several hundred feet there is usually a point in time at which the curtain closes on the ability of the pedestrian to get out of the way of a faster-moving vehicle while it yet remains open for the driver to shift his course. That is but another way of saying that in such cases there is a point in time in which the pedestrian becomes *helpless* and the last clear chance rule as it applies to a *helpless plaintiff* applies to a pedestrian in such cases.

*Dickerson, Meredith* and *Cassinelli* all followed the decision in Riley v. Hornbuckle, supra, and each case involved a collision between a motorist and a pedestrian in the street. Although there is language in each of the opinions to the effect that the defendant should have discovered the situation it is not made plain whether the plaintiff in each of the cases was regarded as being in helpless peril or merely inattentive. Each of the cases however can be reconciled within the concept espoused in Riley v. Hornbuckle, that in motorist-pedestrian accidents where the motorist has an unobstructed view of the scene there comes a point in time when the pedestrian is helpless. Whether at that point the motorist in the exercise of ordinary care has a clear chance to avoid the injury is the question.

The cases of Bolus v. Martin L. Adams & Son, Ky., 438·S.W.2d 79 (1969) and Brown v. Swift, Ky., 444 S.W.2d 550 (1969), are not helpful to appellees because in each case the operator of the vehicle had actual knowledge of the situation.

The facts of this case demonstrate that the plaintiffs were not in a position of helpless peril. Injury could have been avoided by them right up to the moment of

contact with the wire simply by dropping the wire. Their peril was created not only by the negligent act of stringing the wire across the street in such a manner as to create danger but also by their inattention to approaching traffic and this inattention continued until the moment of injury. They now seek to impose liability upon the defendant by saying in effect, "the defendant by carelessly failing to maintain a proper lookout failed to discover that we were carelessly failing to maintain a proper lookout."

■ We are unwilling to extend the doctrine of last clear chance to this extent. Where the negligence of the plaintiff consists of inattentiveness which continues to the moment of injury, and his ability to avoid injury continues to that moment, his chance to avoid the injury is equal to that of the defendant and it cannot be said that the defendant has the *last chance* to avoid injury unless the defendant actually knows the situation and realizes or has reason to realize that the plaintiff will remain inattentive. We hold therefore that the last clear chance doctrine is not applicable to the inattentive plaintiff in the absence of proof that the defendant had actual knowledge of the situation and realized or had reason to realize that plaintiff was inattentive and therefore unlikely to discover his peril in time to avoid harm to himself.

■ Since there was no evidence tending to show that Taylor had actual knowledge of the situation and realized or had reason to realize that Yount and Campbell were inattentive and therefore unlikely to discover their peril in time to avoid harm to themselves the last clear chance instruction was erroneously given.

The appellees were negligent as a matter of law and they were found negligent by the jury. The appellants were entitled to a directed verdict and appellants' motion for judgment notwithstanding the verdict should have been sustained.

In view of this disposition of the case it is unnecessary to discuss the alleged error regarding the admissibility of photographs in evidence.

The judgment is reversed with directions that a new judgment be entered dismissing the appellees' complaint.

All concur.