Harvey A. BEASLEY, Appellant,

v.

STANDARD PAVING AND ENGINEER-
ING CO., INC., Appellee.

Court of Appeals of Kentucky.

May 31, 1974.

George Geoghegan III, Max M. Smith,
Chancellor, Darnell and Smith, Frankfort,
for appellant.

Allen Prewitt, Jr., Prewitt & Prewitt, Frankfort, for appellee.

JAMES PARK, Jr., Special Commissioner.

In this action the plaintiff-appellant Beasley seeks to recover for injuries suffered by him while employed as an inspector for the Kentucky Department of Highways. The injury occurred September 10, 1969, while Beasley was employed by the Department to inspect the work being performed by the defendant-appellee Standard Paving and Engineering Co., Inc. (hereinafter referred to as Standard). Beasley sought to recover from Standard for injuries to his hand. The court below directed a verdict for Standard following the close of Beasley's case.

Standard was engaged in installing storm-sewer pipe along Wilkinson Street in Frankfort, Kentucky, as a part of an urban renewal project. Standard was utilizing a mobile crane for the purpose of laying the concrete storm-sewer pipe in a twelve-foot ditch. The mobile crane operated on four large balloon tires and utilized a telescoping boom. Four retractable hydraulic outriggers or stabilizers were used to stabilize the crane during operations. Two of the outriggers were mounted on either side of the rear of the crane and two on either side of the front of the crane. When retracted, the two front outriggers came to rest against a large bumper which ran across the front of the crane.

On behalf of the Department of Highways, Beasley had been supervising the laying of the concrete storm-sewer pipe in the ditch. After the last piece of pipe had been laid in the ditch for the day, Beasley stepped in front of the crane for the purpose of watching Standard's workmen mortar pipe joints and cover the pipe. After watching this work for two or three minutes, Beasley stepped back and rested his left hand on the bumper. When an outrigger was retracted by Standard's operator, Beasley's hand was caught between the bumper and the outrigger, causing sub-

stantial injury. The court below directed a verdict for Standard on the ground that Beasley was contributorily negligent as a matter of law. The trial court refused to submit the case to the jury under an instruction encompassing the theory of last clear chance.

■ The brief for Beasley contains the bare statement, "we feel that the plaintiff was not contributorily negligent as a matter of law." However, a review of the evidence makes it clear why Beasley does not seriously argue this point. Beasley had worked around heavy machinery during his eighteen years as an inspector for the Highway Department. Beasley had observed the crane in question operate during the previous four days. He was aware that the crane could not be moved until the outriggers were retracted. Beasley was also aware that the crane had completed its work for the day. The Court did not err in holding that Beasley was contributorily negligent as a matter of law in standing with his back to the crane with his hand resting on the bumper in the path the outrigger would take if retracted. Cf., Geotz v. Green River R.E.C.C., Ky., 398 S.W.2d 712 (1966).

■ Beasley's primary contention is that the trial court erred in failing to submit the case to the jury under a last clear chance instruction. From the evidence, it is clear that Beasley was inattentive rather than helpless. Until the very moment his hand was trapped between the bumper and the outrigger, Beasley could have removed his hand from the danger point had he been observant. Inasmuch as Beasley was not helpless but merely inattentive, his right to recover under the last clear chance doctrine is governed by Section 480 of the Restatement of the Law of Torts, Second, as adopted by this Court in General Telephone Co. of Kentucky v. Yount, Ky., 482 S.W.2d 567 (1972). One of the conditions imposed by Section 480 is that the defendant knows of the plaintiff's situation. The inattentive plaintiff cannot recover under

the last clear chance doctrine merely by proving that the defendant by the exercise of ordinary care should have known of the plaintiff's situation. This Court stated in the *Yount* case:

> "The principal difference in the Restatement standards applicable to recovery by the *helpless plaintiff* and the *inattentive plaintiff* is that the *helpless plaintiff* may recover if the defendant in the exercise of ordinary care should discover the plaintiff's situation while the *inattentive plaintiff* may not recover unless the defendant actually knows the plaintiff's situation and realizes or has reason to realize that the plaintiff is inattentive and unlikely to discover his peril."[1]

In the present case, there is a complete absence of any proof that Standard's employee operating the crane knew that Beasley's hand was resting on the bumper where it could be crushed as the outrigger was retracted. Beasley introduced only three witnesses: Beasley himself, a witness who had operated similar cranes, and the treating physician. He did not call Standard's employee who was operating the crane.

When asked whether the operator knew where his hand was, Beasley answered: "Well, I'd say no if he wasn't looking. Yes, if he was looking." As he had his back to the crane and the operator, Beasley admitted that he did not know where the operator was looking prior to the accident.

Although Beasley did not call Standard's employee who was operating the crane, he did call as a witness an equipment operator who had operated a similar crane. This witness testified that the operator from his position in the cab of the crane could observe the front bumper and both front outriggers as they were being raised. When asked whether the operator could see the point on the bumper where Beasley placed his hand, the witness testified: "Sitting in the cab he would have to lean over." "You wouldn't lean forward. That wouldn't help but your cab is not as wide as the bumper. It's off to the right—the bumper sticks out like that." "you have to look out on each side of the machine."

■ There was a complete failure on the part of Beasley to prove that Standard's employee operating the crane actually knew that Beasley had his hand on the bumper in a place of danger. In order for an inattentive plaintiff to recover under Section 480, the plaintiff would not necessarily have to secure an admission by the defendant that he knew of the plaintiff's situation. Knowledge can be established by circumstantial evidence under certain circumstances. 2 Wigmore on Evidence (3d Ed.), Sections 245 and 261. The testimony offered by Beasley that he had been standing with his hand on the bumper for two or three minutes and that it took thirty to forty seconds to retract the outriggers proved no more than a possibility that Standard's employee could have known his situation. He offered no testimony tending to show that Standard's employee had actual knowledge of the situation and realized or had reason to realize that Beasley was inattentive and, therefore, unlikely to discover his peril in time to avoid harm to himself.

Not only did Beasley fail to introduce testimony that Standard's employee was aware that his hand was on the bumper in a place of danger, but Beasley's own testimony indicated that Standard's employee

---

1. The theory by which the *inattentive* plaintiff is denied a last clear chance instruction is that his own opportunity to avoid the accident continued to a point in time as late as did the defendant's. It should be understood, however, that if and when the point is reached at which it is beyond the power of an inattentive plaintiff to escape the accident unilaterally he becomes a helpless plaintiff. That is, if there is still time for the defendant, by the exercise of a proper lookout, to discover the plaintiff's peril, he must (a) discover it and (b) use the means then at his command to avoid the accident.

was completely unaware of the situation. Beasley testified that he "hollered" three or four times to get the operator's attention to let the outrigger down so he could free his hand. The fact that the operator did not know that Beasley's hand was caught between the outrigger and the bumper is some evidence that he did not know that Beasley's hand was on the bumper before the outrigger was fully retracted.

It would have been error for the Court to give a last clear chance instruction under the circumstances. General Telephone Company of Kentucky v. Yount, supra. Beasley was negligent as a matter of law and the lower court committed no error in directing a verdict for Standard. Ward v. Owensboro River Sand and Gravel Company, Ky., 431 S.W.2d 884 (1968).

The judgment is affirmed.

All concur.