**R. E. GADDIE, INC., Appellant,**

v.

**Marie Vance PRICE, Administratrix of the Estate of Bill A. Price, et al., Appellees.**

**John GRAINGER et al., Cross-Appellants,**

v.

**R. E. GADDIE, INC., et al., Cross-Appellees.**

Court of Appeals of Kentucky.

May 23, 1975.

Rehearings Denied Sept. 19, 1975.

H. Jefferson Herbert, Jr., Wilson, Herbert, Garmon & Gillenwater, Glasgow, for R. E. Gaddie, Inc.

Marshall Funk, E. R. Gregory, Bowling Green, for Marie Vance Price, Adm'x and others.

William E. Allender, Allender, Simmons & Robertson, Philip Grogan, Bowling Green, for John Grainger and William Settle.

STERNBERG, Justice.

William Price, who was hired to supervise the construction of a motel, was fatally injured on the job when a truck backed over him. The administratrix of his estate filed a wrongful-death action against John

Grainger, driver of the truck, and William Settle, owner of the truck. By amended complaints R. C. Gaddie, Inc., the subcontractor in charge of the paving of the parking lot, and Gary Brothers Crushed Stone Co., the supplier of the paving material, were named defendants. Gary Brothers was dismissed by summary judgment and is not a party to this appeal. Gaddie cross-claimed against Grainger and Settle, seeking indemnification or contribution for any amount the jury determined it (Gaddie) owed Price's estate. The jury returned a verdict for $82,589.83 against Gaddie, based only on a last-clear-chance instruction. Judgment was entered on that verdict and a supplemental judgment was entered exonerating Grainger and Settle from any liability either to Price's estate or to Gaddie.

Gaddie appeals from the judgment and the supplemental judgment and names Marie Price, administratrix of Price's estate, Grainger and Settle as appellees. Grainger and Settle cross-appeal only as a protective measure. Gaddie's motion for judgment notwithstanding the verdict attacked both the original and supplemental judgments. It charged that the verdict was not sustained by sufficient evidence and was contrary to law. It also complained of errors of law occurring at the trial. The motion was overruled. This appeal is taken from the judgment entered on June 15, 1971, and from the supplemental judgment entered on July 2, 1971.

■ The "Statement of Questions Presented" in appellant's brief is directed at the original judgment entered on the verdict of the jury and does not attack the supplemental judgment. Failure of appellant to discuss the alleged errors in its brief is the same as if no brief had been filed in support of its charges.

Rule 1.260(b) of the Rules of the Court of Appeals of Kentucky provides: "If the appellant fails to file his brief within the time allowed, the appeal may be dismissed." See Adams v. Parsons, Ky., 313 S.W.2d 426 (1958).

■ It is our opinion that the appeal as to Grainger and Settle has been abandoned and should be dismissed. The supplemental judgment of the Warren Circuit Court entered on July 2, 1971, is affirmed.

The accident occurred when a truck driven by Grainger was backing up to deposit a load of asphalt into a paving machine operated by Paul Anderson, an employee of Gaddie, the subcontractor. It was the usual and customary practice for the paving machine operator to direct the movement of the truck by a hand, voice or horn signal. Grainger testified that Anderson gave him a hand signal, after which he (Grainger) began backing the truck toward the paving machine and that he never saw Price either before or after the truck was in motion. Anderson was seated at the rear of and on the left-hand side of the paver, with his vision unobstructed. He testified that he saw Price walking toward the truck and that when Price was about three or four steps away from it, he (Anderson) yelled "Hold the truck", or words of like import. There was conflicting testimony by witnesses who were close to the scene of the accident as to whether any verbal warning was given. Anderson further testified that he could have sounded a horn which was located on the paver, but he did not remember whether he did. There was testimony that no horn signal was given.

■ Gaddie claims that the trial court erred when, over objection, it gave an instruction based on the last-clear-chance doctrine. It is clear from the record that Price was inattentive rather than helpless; therefore, the right to recover under the last-clear-chance doctrine is governed by the rule announced in Restatement of the Law, Torts 2d, which states:

"480. *Last Clear Chance: Inattentive Plaintiff.*

A plaintiff who, by the exercise of reasonable vigilance, could discover the danger created by the defendant's negligence

in time to avoid the harm to him, can recover if, but only if, the defendant

(a) knows of the plaintiff's situation, and

(b) realizes or has reason to realize that the plaintiff is inattentive and therefore unlikely to discover his peril in time to avoid the harm, and

(c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing opportunity to avoid the harm."

Section 480, when read with section 12(1) of the same Restatement, requires such a defendant to have actual knowledge "of the plaintiff's situation." General Telephone Company of Kentucky v. Yount, Ky., 482 S.W.2d 567; Beasley v. Standard Paving and Engineering Co., Inc., Ky., 511 S.W.2d 667. Also there must be sufficient time after the peril is discovered for the defendant to avoid the impending harm. Cincinnati, New Orleans and Texas Pacific Railroad v. Wood, Ky., 392 S.W.2d 437. Until the defendant has actual knowledge of the peril the calculation of time for the opportunity to avoid the accident does not begin. Beasley v. Standard Paving and Engineering Co., Inc., supra.

In Young v. De Bord, Ky., 351 S.W.2d 502, we said:

"In applying the last clear chance doctrine to a given situation, the defendant must, as a matter of fact, have a last clear chance and not a speculative or a possible chance to avoid the accident. * * *"

Thus, possibility of avoidance is not the test but rather that the chance of avoidance was clear, plain, apparent, self-evident, distinct, manifest and unmistakable. Also see Eades v. Stephenes, Ky., 302 S.W.2d 117 (1957).

▪ There was some conflict in the testimony as to what happened at the time of the accident. However, the jury, which is a fact finder, had the right to believe such of the witnesses as it chose to arrive at its conclusion.

Price was the general supervisor of the whole construction project, which included the blacktopping of the parking lot. He was 39 years of age; had been in the construction business for many years; was well qualified and undoubtedly familiar with the hazards attendant to paving undertaking; and, unbeknown to his fellow workers, was hard-of-hearing.

Grainger, the driver of the truck, pursuant to a signal given to him by Anderson, started the truck in a backward motion. He did not see Price prior or subsequent to putting the truck in a backward motion. He did not know that he had hit and run over Price until after it had occurred and he had brought the truck to a stop.

Anderson, an employee of Gaddie, the subcontractor, was sitting in the operator's seat at the left rear of the paver. He noticed Price talking to James Scott, foreman of the paving crew. He did not see Price again until Price was three or four steps away from the truck. He yelled out "Hold the truck", or words of like import. He could have, but did not give a horn signal for the truck to stop.

The witness James Scott was talking with Price immediately preceding the accident. After they concluded their conversation they separated and Scott started walking toward the paving machine. For some unexplained reason, Scott turned around, saw the truck coming back and Price walking toward it. Scott testified:

"Q66. What did you do after you turned around? Tell the jury what you did and what you saw.

A. When I turned around and thought the truck would hit Mr. Price if he kept on walking, I hollered. I said, 'Look out, Bill', and—but he never did hear me or anything or something. I don't know whether he did or not, but he kept on walking.

Q67. Now, what would have happened if he had stopped when you shouted with regard to—

Mr. Gregory: Objection, Judge.

Q67. (Continuing)—with regard to colliding with the truck?

A. I don't think the truck would have hit him."

 The finding by the jury under Instruction IV (last clear chance) presupposes that they made a prior determination that Price was negligent as defined under Instruction III, which would relieve the appellant of liability but for the last-clear-chance instruction. The question then presented is whether there was substantial evidence of any overriding negligence of the defendant Anderson so as to overcome the negligence of Price and thereby justify the submission of the last-clear-chance doctrine to the jury.

The overriding negligence of appellant, for which it may be held liable under the last-clear-chance doctrine, is limited to the failure of Anderson, its employee, to act after Price's peril, in which he had placed himself, was discovered by Anderson.

There has been a rash of litigation in recent years as a result of personal injuries or fatal injuries having been received from trucks backing up on construction jobs. Harper Company v. Slusher, Ky., 469 S.W.2d 955 (1971); Yates v. Wilson Bros. Trucking Company, Ky., 471 S.W.2d 744 (1971); and Ward v. Owensboro River Sand and Gravel Co., Ky., 431 S.W.2d 884 (1968). The *Ward* case is controlling in the decision of the instant case. There, we held that where a person's experience should alert him, but he pays no attention to impending dangers and is killed thereby, he is contributorily negligent as a matter of law as he is not exercising that standard of ordinary care which is expected of him. In the case at bar, Price, for reasons unbeknown to anyone, was not attentive to impending dangers with which he was familiar. Anderson first learned of Price's peril when Price was but three or four steps from the truck and he (Anderson) reacted with a vocal warning. Although he could have sounded a horn, it is purely speculative as to whether Price or Grainger would have

heard it and responded in time to avoid the impending danger.

We hold that there is no evidence which indicates that Anderson did not react in a normal, reasonable manner when first presented with the dangerous situation. The evidence discloses that Price was guilty of contributory negligence as a matter of law.

The judgment is reversed with directions that judgment be entered dismissing the appellant, R. E. Gaddie, Inc., from any claim of the estate of William Price.

All concur.