Nina Sue ADAMS, Administratrix of the Estate of Edward Adams, Deceased, Appellant,

v.

Nora BOYD, Administratrix of the Estate of Jesse Hodge Boyd, Deceased, Appellee.

Court of Appeals of Kentucky.

Oct. 21, 1977.

William S. Greenwell, Marion, for appellant.

J. D. Ruark, Ruark & Hulette, Morganfield, for appellee.

Before MARTIN, C. J., and COOPER and HOWARD, JJ.

HOWARD, Judge.

This is an appeal from the Crittenden Circuit Court wherein a jury trial was had and the jury returned a verdict for the defendant-appellee.

This action was commenced by Nina Sue Adams, administratrix of the estate of Edward Adams, deceased (hereinafter referred to as Adams), who filed a wrongful death

complaint against Jesse Hodge Boyd (hereinafter referred to as Boyd). Boyd died after the commencement of the action and it was revived against the administratrix of his estate, Nora Boyd. The complaint alleged that Boyd negligently drove a motor vehicle against Adams causing his death.

Boyd and Adams were neighbors, and on January 9, 1973, Boyd hired Adams to help him haul some hay. Twenty-two bales of hay were loaded by both men onto a truck. Adams thereafter drove the truck on a rutted lane up a hill to the spigot where Boyd was standing, watering his horse. On the way up to the spigot, two bales of hay fell off. Adams suggested that Boyd back down the lane and he would help him pick up the two bales of hay. Boyd had no rear view mirror on the right side, but did have one on the left side of his truck. The hay on the truck blocked his view from the mirror inside the truck. In backing down the hill, Boyd was using the left hand mirror for sighting. As Boyd started backing the truck, he saw Adams to his right (through the passenger window) walking down the hill and at an angle that would put him behind the truck where Boyd couldn't see him. Boyd did not see Adams again until he reached the point where he stopped for the two bales of hay. When Boyd got out of the truck, he heard Adams hollering and found him under the wheels of the truck. He got Adams out, took him to the hospital, and Adams died January 27, 1973.

The evidence as to the facts surrounding the accident consist chiefly of the deposition of Boyd given for discovery purposes, as both parties died prior to trial.

Plaintiff-appellant raises as an issue on this appeal that the court erred in refusing to instruct the jury on the last clear chance doctrine. In *Beasley v. Standard Paving and Engineering Co., Inc.*, Ky., 511 S.W.2d 667 (1974), the court draws a distinction between an inattentive and a helpless plaintiff, as governed by Section 480 of the *Restatement of the Law of Torts, Second,* and at page 669 states:

The principal difference in the Restatement Standards applicable to recovery by the helpless plaintiff and the inattentive plaintiff is that the helpless plaintiff may recover if the defendant in the exercise of ordinary care should discover the plaintiff's situation while the inattentive plaintiff may not recover unless the defendant knows the plaintiff's situation and realizes or has reason to realize that the plaintiff is inattentive and unlikely to discover his peril.

And in *R. E. Gaddie, Inc. v. Price,* Ky., 528 S.W.2d 708 (1975), the court states at page 711 that, in the case of an inattentive plaintiff, the chance of avoidance by the defendant must be "clear, plain, apparent, self-evident, distinct, manifest and unmistakable."

Plaintiff-appellant presented no proof that Boyd knew that Adams was in peril. As Adams was an inattentive plaintiff, the instruction on the doctrine of last clear chance was properly not submitted to the jury. All that Boyd knew was that Adams was not in his sight, and that both he and Adams were headed for the two bales of hay. Boyd had no reason to believe that Adams was not watching the truck and the route it was traveling. Boyd's chance to avoid the accident was not clear and unmistakable.

The judgment of the trial court is affirmed.

All concur.